## HOOPER *v.* SOUTHERN RAILWAY COMPANY.

1. A suit against a railway company for personal injuries to a minor, brought in his behalf by his father as next friend, is not, either as to cause of action or as to parties, actually or substantially the same as a suit by the father in his own right against such company for loss of the minor's services, occasioned by those injuries.

(*a*) The record of the former of two such suits is not, therefore, admissible in evidence on the trial of the latter on the theory that the causes of action were substantially the same.

(*b*) Nor is the testimony of a witness who was sworn on the trial of the former, and who afterwards died, admissible in evidence on the trial of the latter, under Civil Code, § 5186.

2. The evidence in this case warranted instructions to the effect that a party is not entitled to recover damages resulting from an injury which he might have avoided or prevented by the exercise of ordinary diligence on his own part.

3. Charges which in substance laid down the rule that a father who used, or permitted his minor son to use, a given bridge with full knowledge of specified defects therein, could not recover for injuries occasioned solely by reason thereof, were in the present case appropriate, and were not open to the criticism that they amounted to instructing the jury what was or was not negligence on the part of the plaintiff.

Argued October 5, — Decided October 30, 1900.

Action for damages.    Before Judge Reece.    City court of Floyd county.    July 30, 1900.

*Fouché & Fouché* and *R. L. Chamlee*, for plaintiff.
*Shumate & Maddox* and *J. B. F. Lumpkin*, for defendant.

LEWIS, J.    J. N. Hooper brought suit for $1,985 damages, in the city court of Floyd county, against the Southern Railway Company.    In his petition for a recovery he alleged substantially the following facts: Petitioner is the father of Charles B. Hooper, a minor, born December 23, 1882, and as such parent is entitled to the services of his son during minority.    In June, 1898, his son was in good health, a strong, vigorous boy, and his services were worth to petitioner $15 a month, and the value of his services would have increased as he grew older.    Defendant's railroad runs through petitioner's farm in said county.    There is also a wagon-road running through said farm and crossing defendant's railway upon said farm.    As the wagon-road approaches the railroad, it passes over a bridge built by defendant over one of its ditches, the bridge being seven feet high, eleven feet long, and seven and a half feet wide. The bridge forms a part of the approach to the railroad, and is entirely upon defendant's right of way.    This wagon-road has been

in constant use by the public, has been recognized and kept up by
defendant for twenty years or more. In June, 1898, while peti-
tioner's son was driving two mules to a wagon loaded with cotton-
seed, he drove upon the bridge, using all care and diligence, and as
one of the mules stepped upon and near one of the flooring planks
of the bridge, the end of the plank, being insecurely fastened, flew
up and struck the mule, frightening it and causing it to shy and
push the other mule off the bridge, dragging the loaded wagon after
it into defendant's ditch, breaking the wagon and throwing petition-
er's said son violently from the wagon, inflicting personal injuries to
such an extent that he was obliged to remain in bed for a long
while, and has not been able to perform any work since, and is a
constant care and expense to petitioner. Among the grounds of
negligence charged against the defendant was, that it permitted the
bridge to become rotten, insecure and unsafe, the sleepers on which
the floor was laid having rotted to such an extent that they could
not hold nails ; and that the plank which struck the mule projected
more than half its length beyond the sleepers, was insecurely fast-
ened down, and the bridge was only seven and a half feet wide, and
had no railing upon it. In answer to this petition the defendant
denied that petitioner's son, when hurt, was using due care and dili-
gence in driving the wagon; and alleged, that he was a young boy
and an inexperienced driver, that the mules became frightened, he
was unable to manage them, and they ran over the side of the bridge
with petitioner's son; that defendant was not guilty of any negli-
gence that caused the injury received by petitioner's son; that the
accident was the result of careless driving of the boy, not the re-
sult of any defect in the bridge that the plaintiff himself was neg-
ligent in permitting his son to drive over the bridge under the cir-
cumstances, and in not taking charge of the team himself; that he
could have avoided any accident resulting from the condition of the
bridge by the observance of ordinary care, even if there was any
defect in it; that the bridge was good in every respect, and had
been for twenty years, and if defendant had invited the plaintiff, or
the public, to cross such bridge, the invitation was to cross it as it
had been kept for that length of time. After the introduction of
evidence both for plaintiff and defendant, the jury returned a ver-
dict for the defendant; whereupon plaintiff made a motion for a new
trial, and assigns error on the judgment of the court overruling the

7

same.   It is unnecessary to give in detail the evidence introduced on the trial, but suffice it to say that the plaintiff introduced testimony tending to establish the main allegations of his petition, and the defendant also introduced evidence tending to establish its defense and to show a want of liability for any injury caused petitioner's son.

1. One ground in the motion for a new trial is, that the court refused to allow plaintiff to read in evidence the record of the suit and judgment in the case of C. B. Hooper, by his father and next friend, J. N. Hooper, *v.* The Southern Railway Company, tried in the city court of Floyd county, and a final judgment rendered therein in favor of C. B. Hooper, which judgment was for damages sustained by the son by reason of the same acts of negligence of the same defendant, set up and alleged by the father in the suit on trial; it being alleged in the first case that the son was injured and damaged, and in the other case that the father, by reason of the injuries to the son, was deprived of the services of the son during minority.   The plaintiff offered this record and judgment as conclusive of everything in plaintiff's suit, except the value of his son's services, and the court ruled it inadmissible for that purpose. It appears that this record was offered by the plaintiff on the ground that it was conclusive upon the father, plaintiff in this case, that he was a privy to it, because if the son could not recover the father could not recover; that the declaration in the suit by the son set up the same facts, the same dates, embraced the same subject-matter, and was conclusive between these parties and privies. It was therefore contended that it was conclusive as to the liability of the railroad company in both cases.   On the other hand, it was contended that it was not the same case, nor the same cause of action.   While it is true it was the same accident that was the basis of the suit in each case, yet it is equally true that the cases are in other respects entirely different.   In the suit by the son damages were claimed for pain and suffering and permanent injury to the son himself.   In the present case the father is suing, not for any pain and suffering which his son sustained, but only for loss of service during his minority, caused by the injury, and expenses incurred by the father incident to the alleged injury.   Evidently they are not the same parties, and the record discloses that the identical defense was not filed in each case; and hence the same rules of

law do not apply.    In the present case one defense in the plea was
to the effect that the injury sustained by the son was owing, in
part at least, to the father's negligence, in that the latter, knowing
the condition of the bridge, permitted his son, as his agent, to drive
across it, and that he, being a more skillful driver and a man of
better judgment and superior strength, should have driven across
himself, but failed to do so.    It appears from the evidence that the
father was present when the accident occurred.    It is quite mani-
fest that if he was guilty of any negligence it was not imputa-
ble to his son, and therefore could not have been pleaded as a de-
fense in an action by the son to recover for personal injuries he had
sustained.    It is equally true that any negligence of the father
causing or contributing to the injury is a matter of defense in this
case, as this action is for damages which the father himself has
sustained.    Civil Code, § 3741, declares:    "An adjudication of the
same subject-matter in issue in a former suit between the same
parties, by a court of competent jurisdiction, should be an end of
litigation."    Civil Code, § 5348, declares:    "The judgment of a
court of competent jurisdiction is conclusive between parties and
privies, as to the facts which it decides, until reversed or set aside."
But these two cases are neither between the same parties nor their
privies.    The same jury might have consistently found liability of
the railroad company for injuries to the boy who was hurt, for the
reason they might have concluded that the evidence tended to show
he was in the exercise of all ordinary care and diligence in trying
to cross the bridge.    But when they came to consider the case of
the father, we can not say that there was not evidence from which
they might have reached a different conclusion, and found no liability
of the defendant to him; it being insisted on the part of the de-
fendant that he was precluded from recovering, on account of his
negligence in permitting his minor son to drive across a bridge
which he claimed to be dangerous, when the father, who was pres-
ent, had opportunity of doing the driving himself with less danger,
of injury, on account of his experience and superior strength and
skill.    Manifestly, then, the verdict and judgment in one case could
not have been conclusive in the other, not only because they were
different parties, but really a different issue was involved on the
trial of each.    It appears that this evidence was offered as conclu-
sive of every fact except the value of the boy's services to the parent

during minority.    The court below did not rule that under no circumstances would the judgment be admissible for any purpose, but on the contrary stated that he could see how the judgment in the other case might be evidence of some things on the trial of this case.    He expressly ruled, however, that to say it was conclusive as to everything except as to value of services, he could not hold, without authority to sustain that view.    He further said in his judgment that it might become admissible, or some part of it, as the case progressed, but that he would not hold that it was conclusive of everything except the value of the boy's services.

Counsel for plaintiff in error cite the case of Anderson *v.* R. R. Co., 9 Daly (N. Y.), 487, where that court held: " In an action by a father to recover damages alleged to have been sustained by him from injuries to his infant son, arising from the negligence of the defendant, a former judgment in favor of the son, in an action by him, suing by his guardian ad litem, against the same defendant, for damages for the same injuries, may properly be alleged in the complaint and given in evidence, to establish that such injuries were caused solely by the defendant's negligence; and will be sufficient proof of that fact, if the record shows that it was so determined in that action."    In the case at bar the petition of the plaintiff has no allegation whatever of a former suit by the son, and no notice is given by the pleadings, therefore, that the plaintiff was relying upon the verdict and judgment in the former case being conclusive against the defendant on any issue involved in this trial; nor is there anything in this record to indicate that the jury had determined on the first trial that the injuries to the minor were caused solely by defendant's negligence.    The decision, therefore, in the New York case has not an exact application to the case we are now considering; for there the judgment in favor of the son it seems was properly pleaded, that is, set out in the declaration or complaint, and the motion was simply to strike that part of the complaint.    The trial court refused to strike it, and the appellate court affirmed that refusal.    This is the full extent of that decision.    In the case at bar, no reference is made in the petition to the suit of the son, and there being nothing in the pleadings to put the court upon notice that there had been such a judgment, we think it was properly rejected.    In the opinion of Chief Justice Daly in the New York case above cited, p. 488, he says:

" If, in an action brought against the defendants for the son by his guardian, it has been judicially determined that the accident which caused the injury was not owing to any negligence on the part of the son, but was due solely to the negligence of the defendants, there is no reason why that question should be tried over again in the action brought for the loss of the son's services, as it would involve an inquiry which has been already made and settled between the party to whom the accident happened and the defendants.  In this action the plaintiff is limited to the recovery only of such damages as he may have sustained by the loss of his son's services; and I can see no reason why, to establish his cause of action, he should be required to prove that the accident, which deprived him of his son's services, was caused by the defendants' negligence, when that fact has been judicially determined against the defendants in the action brought for the benefit of the son.  In my opinion, the plaintiff is entitled to give the judgment in evidence, to establish that the accident which deprived him of his son's services was solely from the defendants' negligence; and if the record shows that it was so determined in that action, that is sufficient proof of the fact in this."   But there is nothing in this record to show that the verdict on the first trial was based on the idea that the injury received was solely from the defendant's negligence.  Under the law of Georgia, a judgment against the defendant in such a case does not necessarily determine that such an injury is solely attributable to the defendant's negligence; the reason being that a recovery may be had against the defendant where both parties are at fault, the damages being apportioned according to the relative negligence of the parties contributing to or causing the injury.  We therefore conclude that, under our law, this record was not admissible for the purpose for which it was offered, that is, as conclusive proof of the negligence of the defendant, much less as conclusive proof of all the facts at issue except the value of his services.

Another ground in the motion for a new trial was, that the court refused to allow the plaintiff to read the testimony of W. J. Shaw, taken on the trial of the suit by the son against the defendant, the testimony being to the effect that the witness was a physician, and examined the son as a patient, and giving some testimony touching the extent of the injury.  The motion recites the fact that this witness died since the trial of the first case.  Civil Code, § 5186,

provides: "The testimony of a witness, since deceased, or disqualified, or inaccessible for any cause, given under oath on a former trial, upon substantially the same issue and between substantially the same parties, may be proved by any one who heard it, and who professes to remember the substance of the entire testimony, as to the particular matter about which he testifies." As above indicated, however, in this case there was no violation of that principle by ruling out this testimony; for it was not delivered upon substantially the same issue, and between substantially the same parties.

2. Another ground in the motion for a new trial was, that the court erred in charging the jury to the effect that if from the evidence they believed that plaintiff could, by the exercise of ordinary diligence, have avoided the consequences of defendant's negligence, if it was negligence, then he could not recover. It was insisted on the part of plaintiff in error that there was no evidence of want of care on his part; that the injury was to his son; that there was no care he could possibly exercise when the necessity for exercising ordinary care arose, and that this charge was misleading to the jury. Upon a careful examination of the evidence, we think there was sufficient testimony to authorize this instruction to the jury.

3. There were several grounds in the motion for a new trial, complaining of charges of the court which in substance laid down the rule that a father who used, or permitted his minor son to use, a given bridge with full knowledge of specified defects therein, could not recover for injuries occasioned solely by reason of such defects of which he had ample knowledge. It was complained that these charges were erroneous, because they were open to the criticism that they amounted to instructing the jury what was or was not negligence on the part of the plaintiff. We do not think the charges were open to such criticism. They were appropriate, there was sufficient testimony to submit this issue to the jury, and it was submitted by a full and fair presentation of the law bearing upon this subject. After a careful review of the evidence, we conclude there was sufficient testimony to sustain the verdict of the jury in behalf of the defendant, and the presiding judge, in the exercise of his discretion, having refused a new trial, this court will not disturb the verdict.

*Judgment affirmed. All concurring, except Little, J., absent.*