8240.    CLARK *v.* SOUTHERN RAILWAY COMPANY.

1. A suit against a railway company for personal injuries to a minor, brought in his behalf by his mother as next friend, is not, either as to cause of action or as to parties, actually or substantially the same as a suit by the mother in her own right against the railway company for loss of the minor's services, occasioned by those injuries.

2. The allegations as to the negligence of the defendant are too general; and even if it were permissible to plead the verdict and judgment in the former suit as an estoppel on the question of negligence, the allegations as to that suit, and the copy of the verdict and the judgment therein, are not sufficient for that purpose.

DECIDED JUNE 15, 1917.

Action for damages; from Fulton superior court—Judge Bell. October 4, 1915.

The petition alleges that the defendant has injured and damaged the plaintiff in the sum of $2,000, by reason of the following facts: (3) Plaintiff is the mother of Henry Grady Clark, a minor, and is his sole surviving parent. (4) On or about the 7th day of August, 1913, solely by and through the negligence of the defendant, its agents and employees, plaintiff was deprived of the services of said minor child. (5) On the day aforesaid the said Henry Grady Clark sustained the loss of both legs through the carelessness and negligence of said defendant, and without the fault or contributing negligence of the plaintiff. (6) In an action instituted by the said Henry Grady Clark, by and through petitioner, as next friend, the said Henry Grady Clark did recover verdict and judgment against said defendant. (7) Said verdict and judgment were rendered in case number 31,423, superior court of Fulton county, and in suit number 146 in the United States district court for the northern district of Georgia, the said action having been removed by defendant herein from the State court to the Federal court. Copies of said verdict and judgment are hereto attached, marked exhibits A and B, respectively, and made a part hereof. (8) The action hitherto brought by the said Henry Grady Clark was predicated upon the negligence of defendant through which

the said Henry Grady Clark received certain injuries to his person; all of which appears at length in his petition filed in said case; and the verdict of the jury found in said case and the judgment entered thereon conclusively establish the fact that the said Henry Grady, son of petitioner, sustained his said injuries through the preponderating negligence of said defendant. (9) Through the negligence of said defendant, its agents and employees, as alleged by the said Henry Grady Clark in his said petition, and as established by verdict and judgment in said case, the said son of petitioner lost his right leg just below the knee, and his left leg at the ankle, besides numerous injuries to his head and a shock to his nervous system which permanently impaired his health and usefulness. (10) At the time the said son of petitioner sustained the injuries aforesaid he was a tall, strong, and healthy youth, nineteen years of age, an experienced cotton-mill operative, and capable of earning $10 per week at his trade. (11) Plaintiff was a widow with several small children at the time her son was injured as herein set out, and Henry Grady was the only one of her children who was old enough to contribute substantially to her support. (12) As the sole surviving parent of the said Henry Grady she was entitled to his services during minority, and the injuries he received at the hands of the defendant not only deprived her of his services but rendered him a helpless cripple, incapable of rendering any service to her and absolutely dependent upon her for support. (13) His services from the day he was injured to the attainment of his majority will be reasonably worth to her the sum of $10 per week; and prior to the time he was injured as aforesaid he had contributed substantially to the support of petitioner. Wherefore plaintiff prays judgment of defendant, and that process issue, etc. The verdict and the judgment referred to in the petition were attached to it as exhibits.

The demurrer was on the following grounds: (1) No cause of action is set forth. (2) The facts set forth do not entitle the plaintiff to recover. (3, 4) Paragraphs 4 and 5 are demurred to because the allegations therein are conclusions of the pleader, and are too general, indefinite, and uncertain, no specific allegation of negligence being set forth. (5) Paragraphs 6 and 7 are demurred to. because the allegations therein are irrelevant and immaterial. (6) Paragraph 8 is demurred to because the allegation therein is a con-

clusion of the pleader. It endeavors to establish negligence by reference to another case; and the allegation that the verdict in another case established any fact in connection with this case is an erroneous conclusion of law. (7) Paragraph 9 is demurred to because the allegations therein are irrelevant and immaterial; they constitute a conclusion of the pleader. No negligence is sufficiently set forth, and the allegation therein is an attempt to allege negligence by reference to another and different case. (8) Paragraph 11 is demurred to on the ground that the allegations therein are irrelevant. (9) Paragraph 13 is demurred to because it does not show when Henry Grady Clark will arrive at majority. (10) The exhibits refer to another and different case and are irrelevant. The judgment on the demurrer was that "the special grounds of demurrer, 3, 4, 5, 6, 7, 8, 9, and 10, are sustained. Upon the statement of counsel for the plaintiff that he relies in this case upon the record and judgment in the case pleaded as establishing the negligence of the defendant in this case, the general demurrer is sustained and the case dismissed."

*McCallum & Sims,* for plaintiff.

*McDaniel & Black,* for defendant.

BLOODWORTH, J. Mrs. Maggie Clark brought suit against the Southern Railway Company for $2,000 damages, alleging that she was the mother and sole surviving parent of Henry Grady Clark, a minor. The allegations in the petition are very general, and no direct and specific act of negligence is charged, but the petitioner seeks to plead that the question of negligence as to this case is settled by reason of a former action instituted by the said Henry Grady Clark by and through the petitioner as his next friend, in which there was a recovery by the plaintiff.

The court did not err in sustaining the demurrers and dismissing the suit. The allegations in the several paragraphs of the petition were general and uncertain, and lacking in the definiteness necessary to good pleading. There is no direct and specific allegation of negligence, and even if it were permissible to plead in this case the verdict and judgment in the suit of Mrs. Maggie Clark, as next friend of Henry Grady Clark, against the Southern Railway Company, as an estoppel on the question of negligence, the petition must be definite and certain, complete within itself, and leave nothing to conjecture. In the petition in this case there are some

general references to the former case, but no part of the petition in that case is attached to the present petition; a copy of the verdict and judgment only is attached. However, we think the principle involved in this case is settled by the case of *Hooper* v. *Southern Ry. Co.,* 112 *Ga.* 96 (37 S. E. 165). The first headnote of that decision is as follows: "A suit against a railway company for personal injuries to a minor, brought in his behalf by his father as next friend, is not, either as to cause of action or as to parties, actually or substantially the same as a suit by the father in his own right against such company for loss of the minor's services, occasioned by those injuries."

Counsel for the plaintiff in error say that "The petition in this case is drawn with the express purpose of aligning it with the case of Anderson *v.* R. Co., 9 Daly (N. Y.), 487, and every allegation which, in the *Hooper* case, the court said distinguished that case from the New York case just cited has been carefully eliminated from the instant case; and counsel for plaintiff in error respectfully submit that the case before the court now is on all-fours with the New York case reported in 9 Daly." The New York case, supra, which was discussed in the *Hooper* case, supra, was decided by three judges, no authority was cited to sustain it, its soundness has been questioned by text-writers, and in the case of Malsky *v.* Schumacher, 27 N. Y. Supp. 331, decided by a full bench, it was practically overruled. In the latter case the decision said: "The complaint in this action sets out the recovery of judgment in an action by plaintiff's father for loss of service by reason of the accident here complained of, which was not denied by the answer. Upon the trial he offered the judgment roll in the father's action 'as an estoppel by record.' The court excluded it and the plaintiff excepted. He then offered the roll 'as some evidence of the fact that the injury was caused solely by reason of the negligence of the defendant.' The court again excluded it, and plaintiff excepted. We think both rulings were correct. The judgment in favor of the father could not be 'some evidence of negligence' unless it were conclusive evidence. If it were conclusive evidence, it operated by way of estoppel, and estoppel, to be effectual, must be mutual. Booth *v.* Powers, 56 N. Y. 33; Collins *v.* Hydorn, 135 N. Y. 320, 323, 325 (32 N. E. 69). The case last cited holds that a judgment against a party in his representative capacity as an as-

signee for the benefit of creditors does not include [conclude?] him in an action brought in his individual capacity, although the same questions are involved in both actions; and in Rathbone v. Hooney, 58 N. Y. 467, it was held that a judgment against a party sued as an individual is not an estoppel in a subsequent action for the same cause, in which he sues, or is sued, in another capacity or character (citing many authorities). The same point substantially was decided in Landon v. Townshend, 112 N. Y. 93 (19 N. E. 425). There can be no estoppel unless there is privity of property, parties, estate, or heirship between the plaintiff and his father as to this cause of action. Bigelow, Estop. (5th ed.) 130, 131; Wells, Res. Adj. § 21; Collins v. Hydorn, supra; Neeson v. City of Troy, 29 Hun. 173; Groth v. Washburn, 39 Hun. 324. Here there was no such privity. The father sued for the loss he claimed to have sustained, while in this action the son seeks to recover for himself the damages he claims to have sustained. Anderson v. Railroad Co., 9 Daly, 487, was decided on a motion to strike out a part of a complaint, and can be regarded as an authority on that subject only; and, in the light of the authorities above cited, it may well be doubted whether it can be regarded as controlling, even on the question then under consideration." See also: Guy v. Lumber Co., 93 Tenn. 213 (23 S. W. 972); Bartlett v. Rochel, 88 Ind. 425.

The writ of error in the instant case was made returnable to the Supreme Court, and by that court was transferred to this. There is a request in the brief of counsel for the plaintiff in error that the decision in the *Hooper* case, supra, be reviewed, but this court, on considering the question, is not satisfied that the decision in the *Hooper* case should be "modified or overruled, or that the question is one of so much doubt that it should be referred to the Supreme Court for consideration." This court, therefore, will not certify the question to the Supreme Court.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*