24729. GOODYEAR TIRE AND RUBBER COMPANY *et al.* v. VANDERGRIFF.

Decided February 25, 1936.

*Harold Hirsch, Marion Smith, A. S. Clay,* for plaintiff in error. *Craighead & Craighead, Dwyer & Dwyer,* contra.

Broyles, C. J. Hoke Vandergriff brought an action for damages against Goodyear Tire and Rubber Company, Gus Reynolds, Claude Mason, and William Starnes, alleged to be agents and servants of the Goodyear Company, alleging in substance that he was in the trucking business in Atlanta; that Gus Reynolds telephoned five named tire dealers in the City of Atlanta and competitors of the Goodyear Company, represented himself to be Vandergriff, and indicated to the dealers that he was in the market for a quantity of tires; that as a result of these misrepresentations Reynolds procured from each of these dealers secret and confidential sales prices on automobile tires; that, as a further result of these misrepresentations, representatives of these tire dealers called on the plaintiff, annoyed him, consumed his time, and disturbed his employees; that Reynolds in so doing acted under the direction of Mason, his superior officer; that "William G. Starnes, manager of the Goodyear Tire and Rubber Company, did telephone J. R. Cheshire, manager of the McClaren Tire Company [one of the dealers from whom con-

fidential prices were fraudulently procured by Reynolds], and inquired of him how he, Cheshire, could sell tires at such low figures; whereupon Cheshire asked who had informed Goodyear Tire Company of his, Cheshire's prices, and Starnes replied that Hoke Vandergriff had given him Cheshire's prices;" that "when Reynolds impersonated petitioner, Vandergriff was in Montgomery, Alabama;" that petitioner at no time telephoned the named dealers to inquire about the prices of tires, nor did he authorize Reynolds or any agent of the Goodyear Company to use his name; "that this fraudulent impersonation by Reynolds was done for the express purpose of advancing the interest of the Goodyear Tire Company, with wanton disregard of the feelings and reputation of the petitioner; that petitioner is entitled to the uninterrupted enjoyment of his name and reputation, but that the defendants, through its agents, have trespassed on the petitioner's rights of privacy, and petitioner is therefore entitled to damages;" that "petitioner has suffered an injury to his personality;" that he "is entitled to the sole and exclusive use of his name, and defendant through its agents have violated this right;" that "this direct invasion of petitioner's legal rights has subjected the petitioner to embarassment and chagrin;" that "petitioner's reputation as a business man has been injured in that this illegal impersonation causes petitioner to be held in contempt and ridicule with his business associates, and particularly with" the five named dealers, "who, at expense to themselves, sent representatives to call on petitioner because of the statement of Reynolds that petitioner was in the market for 32-6 tires." Each of the defendants demurred to the petition as a whole, on the ground that it failed to set out a cause of action; and specially to various paragraphs. The general demurrers and some of the special demurrers were overruled. The defendants assigned error on the overruling of the general demurrers.

Assuming that the allegations of the petition are true, as we must do in testing it as against a general demurrer, the defendants have not only injured the plaintiff, but they have committed a crime or been a party thereto; and it is not unusual in this State for one to institute civil proceedings to recover for damage or injury resulting from a crime. Section 38-9901 of the Code of 1933, entitled "Personating another as witness *or otherwise*," is as follows: "Any person who shall falsely represent or personate another,

and in such assumed character answer as a witness to interrogatories, or do any other act in the course of any suit, proceeding or prosecution, *or in any other way, or matter, or thing,* whereby the person so personated or represented, or any other, might suffer damage, loss, *or injury,* shall be punished by confinement and labor in the penitentiary for not less than one year nor more than five years." (Italics ours.) Section 26-7406 is as follows: "Falsely personating another. Any person who shall falsely personate another, and thereby fraudulently obtain any money *or other thing of value,* or with the intention of thereby fraudulently obtaining any money *or other valuable thing,* shall be deemed a cheat and swindler, and shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than five years." (Italics ours.) The "secret and confidential prices" obtained by "fraudulent impersonation" as alleged in the petition constituted a "thing of value" as used in the statute. In Board of Trade of Chicago *v.* Tucker, 221 Fed. 305, stock-market quotations were held to be "property rights" and a thing of value. In the instant case it was quotations on tires that were alleged to be fraudulently obtained. In Associated Press *v.* International News Service, 245 Fed. 244, news with commercial value was held to be "property and as such entitled to legal protection." In that case the defendant induced certain members of complainant to give its agents access to news furnished by complainant; and the court held "that such acts were a fraudulent invasion of complainant's property rights, in the nature of unfair competition. . . There is no doubt, either on reason or authority, that there is a property right in news capable of and entitled to legal protection." In Arrant *v.* Georgia Casualty Co., 212 Ala. 309 (102 So. 447), information not available to others was held to be property. The plaintiff in the instant case had a right to privacy and also a right to the exclusive use of his own name, both of which were invaded and violated. The law gives a remedy for the invasion and violation of every right. Code of 1933, § 3-105. "When the law requires one to do an act for the benefit of another, *or to forbear the doing of that which may injure another,* though no action be given in express terms, upon the accrual of damage *the injured party may recover."* (Italics ours.) § 105-103. The law of this State requires persons to forbear personating another in any matter or

thing whereby the person personated would suffer injury. § 38-9901. See also § 105-104.

The petition alleged that the defendants "have trespassed on petitioner's rights of privacy, and petitioner is therefore entitled to damages." This brings the case within the ruling in *Pavesich* v. *New England Life Insurance Co.*, 122 *Ga.* 190 (50 S. E. 68, 69 L. R. A. 101, 106 Am. St. R. 104, 2 Ann. Cas. 561), wherein the basis of the complaint was the unauthorized publication of the plaintiff's picture in a newspaper. It would be difficult to trace special damage to the publication of a picture; but the court held that it invaded the plaintiff's right of privacy and had "a tendency to bring the plaintiff into contempt or ridicule," and entitled him "to recover without proof of special damage." Just so, in the instant case, it might be difficult to trace special damage as the result of the fraudulent personation of the plaintiff and the other acts alleged in the petition; but placing the plaintiff in the position of having procured confidential prices on tires, and then betraying the confidence imposed in him by giving the quoted prices to competitors had "a tendency to bring the plaintiff into contempt or ridicule," and "entitles him to recover without proof of special damage." The following extracts from the decision in the *Pavesich* case are pertinent to the case at bar: "The right of privacy is embraced within the absolute rights of personal security and personal liberty. . . Personal liberty includes not only freedom from physical restraint, but also the right 'to be let alone,' to determine one's mode of life, whether it shall be a life of publicity or of privacy. . . . The publication of a picture of a person, without his consent, as a part of an advertisement, for the purpose of exploiting the publisher's business ['for the express purpose of advancing the interest of the Goodyear Tire Company' in the instant case], is a violation of the right of *privacy* of the person whose picture is reproduced, and *entitles him to recover without proof of special damage.* . . The novelty of the complaint is no objection when an injury cognizable by law is shown to have been inflicted on the plaintiff. In such a case, 'although there be no precedent, the common law will judge according to the law of nature and the public good.' . . Where the case is only new in instance, and the sole question is upon the application of a recognized principle to a new case, 'it will be just as competent to courts

of justice to apply the principle to any case that may arise two centuries hence as it was two centuries ago.' . . The right of privacy has its foundation in the instincts of nature. . . Each individual as instinctively resents any encroachment by the public upon his rights which are of a private nature as he does the withdrawal of those of his rights which are of a public nature. A right of privacy in matters purely private is therefore derived from natural law, . . 'because they are natural, and so just at all times and in all places, that no authority can either change or abolish them.' . . [The invoking of the question of determining] where this liberty ended and the rights of others and the public began . . affords no reason for not recognizing the liberty of *privacy* and giving to the person aggrieved *legal redress* against the wrongdoer where it is clearly shown that a legal wrong has been done. . . 'The right of privacy, or *the right of the individual to be let alone, is a personal right,* which is not without judicial recognition.' . . The right to be protected in one's possession of a thing, or in one's privileges, *belonging to him as an individual,* or secured by him as a member of the commonwealth, *is property,* and as such *entitled to the protection of the law."* (Italics ours.) See also *Bazemore* v. *Savannah Hospital,* 171 *Ga.* 257 (155 S. E. 194).

"In some torts the entire injury is to the peace, happiness, or feelings of the plaintiff; in such cases no measure of damages can be prescribed, except the enlightened conscience of impartial jurors. The worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed." Code, § 105-2003. The petition in the instant case alleges that the Goodyear Tire and Rubber Company and the named agents and servants thereof falsely and fraudulently impersonated the plaintiff, invaded his right of privacy, his right to the exclusive use of his own name, represented him as betraying confidence and giving secret and confidential prices to a competitor of those who gave the prices, caused his time and that of his employees to be consumed, subjected him to embarassment and chagrin, and caused him to be held in contempt and ridicule by his business associates, all for the express purpose of advancing the interest of the Goodyear Tire Company. To hold that one could be treated in this manner and yet have no civil redress would conflict with fundamental principles of law protecting private rights, would invite fraudulent prac-

tices, and would result in injury to innocent persons. The petition set out a cause of action, and the court properly overruled the general demurrers.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*