**SAYRE v. CREWS.**

No. 12991.

United States Court of Appeals
Fifth Circuit.

Oct. 26, 1950.

---

1. 1948 Revised Criminal Code, 18 U.S.C.A. §§ 2311–2313 and § 751.

724

Geo. S. Peck, Atlanta, Ga., for appellant.

Edgar A. Neely, Jr., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

The appeal in this case follows a jury verdict finding in favor of the defendant in a suit brought by the minor appellant, Sylvia Sayre, by her father as next friend, against appellee, claiming damages for personal injuries alleged to have been sustained as the result of the negligent operation of the defendant's automobile which caused it to collide with the car driven by the minor's father on Juniper Street in Atlanta, Ga. Error is assigned upon specified portions of the charge of the Court as given, failure of the Court to charge as requested, and the action of the Court in overruling motions of the plaintiff seeking, upon the ground of *res adjudicata,* to establish as a matter of law the negligence of the defendant because of the result of another suit between the father of the minor and the defendant involving property damage to the father's automobile. We find no reversible error in either or all of the assignments.

The adjudication in the suit by the father of the minor against the defendant awarding the father damages for property damage to his automobile in which the injured minor was riding, established in that case, it is true, that the collision was caused by the negligence of the defendant, but this adjudication was not binding upon either party in the present litigation. The fact that the father proceeds in another suit, predicated upon the same collision, as next friend of the minor, creates no privity between the father and child. The recovery, if any, is the child's alone. Any other competent person could proceed in behalf of the minor. In such a suit there is no privity between the minor and her next friend, nor identity of causes of action, so as to bring into play the principle of *res adjudicata* relied upon by the plaintiff to establish as a matter of law the negligence of the defendant. This has been expressly held in Georgia as to father and child.[1]

1. Hooper v. Southern Railway Company, 112 Ga. 96, 37 S.E. 165; see also, Blakewood v. Yellow Cab Company of Savannah, 61 Ga.App. 149, 6 S.E.2d 126; Clark v. Southern Railway Company, 20 Ga. App. 274, 92 S.E. 1020.

The excerpts from the charge to the jury complained of, when considered in connection with the charge as a whole, were not erroneous. In view of the Court's charge that the negligence of the father could not be imputed to the daughter, as well as his express statement that there was no issue as to contributory negligence on her part, there is no possible basis for finding that the charge complained of confused the jury. The second charge complained of states the law applicable in the situation to which it related, but its inapplicability in this case was not challenged, the exception merely restating the charge without at all attempting to call the attention of the Court to the present contention that specific direction should be given the jury stating the obligation of a driver to completely stop before passing a boulevard stop sign, or upon approaching a through thoroughfare. The charge as to the duty of a driver in this instance to stop which was requested of the Court and refused, while following the language of a decision of the Georgia Court of Appeals,[2] is another instance of where a lucid expression by an appellate court in determining a legal question may yet be entirely too argumentative in nature to constitute a proper request for a charge by a trial Court to a jury. This argumentative charge was properly refused. Furthermore, the Court read the ordinance in question to the jury and instructed them that a violation of it would constitute negligence.

The requested charge, refused by the Court, to the effect that under the allegations of the defendant's answer asserting that the negligence of the driver of the car in which plaintiff was riding was the sole and proximate cause of the plaintiff's injuries the burden was cast upon the defendant to prove this contention, and unless so proved "*it would be your duty to find for the plaintiff*," (italics supplied) was not a correct statement of the law. There was no admission by the defendant that he was in anywise negligent, and on the contrary there was an express denial of the negligence charged against him. The failure of the defendant to establish the defense referred to in the requested charge would not relieve the plaintiff of the burden of establishing that the defendant was negligent and that his negligence was the proximate cause of her injuries, nor from likewise showing that the occurrence in question was not an accident.

The charge of the Court fairly presented the issues to the jury, and the assignments of error show no cause for reversal.

Judgment affirmed.

2. Richardson v. Coker, 78 Ga.App. 209, 50 S.E.2d 781.