43875. JOHNSON, By Next Friend v. CITY OF PORT
WENTWORTH.

ARGUED SEPTEMBER 5, 1968—DECIDED MARCH 12, 1969.

*Lewis & Javetz, Emanuel Lewis,* for appellant.

*Pierce, Ranitz, Lee, Berry & Mahoney, Thomas J. Mahoney, Jr.,* for appellee.

BELL, Presiding Judge. 1. Plaintiff-appellant contends that the facts and inferences proved were sufficient for the application of res ipsa loquitur.

The evidence on trial of the case showed that defendant owned land on which its municipal buildings were located abutting Barnsley Road. Plaintiff lived with her mother and father on adjoining property abutting Barnsley Road. Near the line between defendant's property and plaintiff's father's property, defendant maintained a 55-gallon steel drum which defendant used for incinerating trash. The drum was placed on and near the edge of the right of way of Barnsley Road, off the traveled portion of the street. The Johnson family also used the drum frequently for burning trash, and it was accessible to anyone passing along Barnsley Road. On the day the injury occurred, employees of defendant were engaged in clearing up defendant's premises. One witness observed that there was a fire in the drum around lunch time, but none of the defendant's employees was near it at that time. The same witness saw one of defendant's employees tending a small fire on the ground. Defendant's employees left work around four o'clock in the afternoon,

and at that time the fire in the drum was still burning. Later in the afternoon plaintiff was walking along Barnsley Road toward her home. As she passed the fire in the drum, several quart cans of motor oil exploded in the drum, splashing flaming oil on plaintiff and burning her severely. None of the witnesses was able to state who placed the cans of oil in the drum or who started the fire in it that day.

From the facts that defendant's employees were working in the vicinity of the drum and one of them was tending a ground fire on defendant's premises, it does not necessarily follow that defendant's employees set the fire in the drum. And even if defendant's employees set the fire in the drum, that fact would not require an inference that defendant's employees also placed the motor oil in the fire. Thus plaintiff's case rests upon inferences made from inferences, and proof of that kind is insufficient where the inference of the ultimate fact is too remote. *Spruell v. Ga. Automatic Gas &c. Co.,* 84 Ga. App. 657, 663 (67 SE2d 178). "Under the provisions of *Code* § 38-123 . . . before the jury could arrive at the ultimate fact by inference of the existence of other facts, the facts inferred must be reasonably and logically consequent upon *proven facts.* In other words, the jury cannot assume the ultimate fact merely from other facts which are based upon an inference rather than upon proof." *Miller v. Gerber Products Co.,* 207 Ga. 385, 387 (62 SE2d 174, 52 ALR2d 155). The evidence showed there was public access to the drum. As it appeared that defendant's employees were not the only persons who might have had something to do with the equipment or instrumentality which caused plaintiff's injuries, res ipsa loquitur was not applicable. *Hospital Authority v. Eason,* 222 Ga. 536, 540 (150 SE2d 812); *Advanced Refrigeration v. United Motors Service,* 71 Ga. App. 576, 579 (31 SE2d 605); *Baldwin v. Ga. Automatic Gas Co.,* 85 Ga. App. 767, 777 (70 SE2d 108). Plaintiff's evidence was not sufficient to prove any negligence on the part of defendant.

2. As there was no evidence showing that one of defendant's employees caused plaintiff's injuries, it was not harmful error to sustain certain special demurrers seeking to strike allegations

of the petition charging defendant with negligence in the hiring of an incompetent employee.

> Judgment affirmed. *Hall and Quillian, JJ., concur.*