57929. STRAYNAR v. JACK W. HARRIS COMPANY et al.

BIRDSONG, Judge.

This is a tort action based on allegations that appellee-defendants unlawfully and maliciously interfered with the employment contract between plaintiff-appellant and defendants; that defendants maliciously terminated plaintiff from her employment and breached her contract with defendants; and that defendants wrongfully discharged plaintiff in retaliation for her refusal to succumb to sexual advances and have a sexual affair with co-defendant John W. Harris. The other defendant was Jack W. Harris Company, a corporation. The case came on for trial before a jury. The plaintiff's case consisted of her testimony and certain documentary evidence. After plaintiff rested, defendant moved for a directed verdict, and it was granted, and a judgment for defendant was entered. On appeal, plaintiff enumerates as error the grant of the directed verdict.

The plaintiff was the only witness called in support of her case. She testified that she entered into a written contract on July 1, 1976, with the corporate defendant

whereby plaintiff was appointed as sales representative for the corporation. Plaintiff established by her testimony that co-defendant John W. Harris was president of the defendant corporation and that prior to this written contract, she had been employed by defendant John Harris pursuant to an oral agreement from January, 1974 to July 1, 1976. During the latter period of time plaintiff testified that co-defendant John W. Harris had asked that she have a sexual affair with him which she refused. In July, 1976, after the execution of the written contract, plaintiff stated that ". . . [defendant John W. Harris] wanted me to be his mistress, and it was put to me that I had to give something in return in order to stay . . ." and plaintiff refused. On August 23, 1976, according to plaintiff, she was called into the office of Harris and she was informed that she was "fired" and Harris gave as the reason: "I've hired another guy to take over a territory in Tennessee, Kentucky, Virginia, West Virginia. Mr. Marshal has not got anything else to do, so I'm going to let him take over Atlanta accounts, and that leaves you without a job." According to plaintiff's testimony, Harris told her that he had to confer with the other two members of the board of directors "that he had made the decision and that he would need to check with them as stockholders to make sure that everything was according to the contract"; and "I'm going to make sure Ed and Shine [the other directors] agree with me that you're terminated. I'm going to convince them to fire you." Plaintiff also testified in response to a question as to whether Harris had the authority to terminate her: "As a full stockholder, I don't know whether or not he had the full authority, but as the Board of Directors, I think that he had to get Ed and Shine's permission to do it. I'm not sure." The written contract authorized plaintiff's termination at will on 30 days' written notice. She was given a written notice of termination which was signed by defendant Harris in his capacity as president of defendant corporation. *Held:*

The plaintiff's whole case is based on the recognized rule that even though a person's employment contract is at will, he has a valuable contract right which may not be unlawfully interfered with by a third person. *Ga. Power*

*Co. v. Busbin,* 242 Ga. 612 (1) (250 SE2d 442). In this case the "third person" was defendant John W. Harris and plaintiff contends that inferences can be drawn from her testimony that Harris as president was without authority to terminate her contract and that he unlawfully and tortiously interfered and brought about her termination for her failure to succumb to his sexual advances as a condition of her continued service as a sales representative. Assuming that this circumstantial evidence garnered solely from plaintiff's testimony does permit such an inference, these same facts are equally consistent with the theory that Harris as the president of defendant corporation and its alter ego terminated plaintiff with authority at will and in complete accord with the terms of the contract and therefore lawfully. Facts which are consistent with either of two opposing theories prove nothing. *Ladson Motor Co. v. Croft,* 212 Ga. 275 (92 SE2d 103). Applying this rule here, it must be concluded that the evidence demands a verdict for defendants as plaintiff has failed to establish an essential element for recovery that defendants tortiously interfered with her contract rights. CPA § 50 (a) (Code Ann. § 81A-150 (a)).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED JUNE 11, 1979 — DECIDED JUNE 28, 1979.

*Bruce D. Duncan,* for appellant.
*Parker, Johnson & Cook, Kirk W. Watkins, G. William Long, III, Terrill A. Parker,* for appellees.