68007, 68008. TROY v. INTERFINANCIAL, INC. et al.;
and vice versa.

McMURRAY, Chief Judge.

Wendell N. Troy, Sr. was employed for a number of years by United Family Life Insurance Company. His employment was subsequently terminated "after over 19 years of service," (admitted facts). Whereupon he brought this action in 10 counts against Interfinancial, Inc. (Interfinancial) (United's parent company), United Family Life Insurance Company (United), and individually against the president of the defendant United, Robert Denham (later dismissed without prejudice upon the suggestion of his death having been filed of record), and another employee, Bernard E. Wilson, a non-resident who allegedly had committed an alleged tortious act in the State of Georgia. Plaintiff contends that his firing was due to a conspiracy by and between the parties in that he refused to depose certain false facts with reference to a lawsuit against United. In Count 1 plaintiff contends he refused to perjure himself with reference to the deposition as instructed by Wilson and that his firing contravened a substantial principle of Georgia public policy. In Count 2 he contends he had a contract for employment with the defendant United and the defendant Wilson maliciously and without lawful justification induced the defendant United to breach its contract with the plaintiff and Wilson did not have the requisite authority to discharge him thereby terminating a recognized contractual relationship and thereby tortiously interfered with a contractual, proprietary, and economic interest. In Count 3 he alleges conspiracy between defendants Denham and Wilson in an attempt to procure and/or induce him to perjure himself for

the benefit of the defendants United and Interfinancial. In Count 4 he alleges the defendants trespassed upon his rights to privacy in their conduct in attempting to suborn perjury for their own benefit which was demeaning to the plaintiff and an affront to his personal dignity. In Count 5 he contends the acts of the defendants were wilful, wanton and malicious thereby causing him emotional distress and damage. In Count 6 he contends the defendants published or caused to have published false and defamatory statements regarding him which were disseminated and made known to others thereby defaming, libeling and slandering him and injuring his reputation, as well as causing him economic loss. In Count 7 he alleges that he was to be paid a $1,000 bonus to write a profile and job description, that he fully performed his contract in doing so, and the defendant United failed and refused to pay the $1,000 which is still owing to him. In Count 8 he contends the defendants acted wilfully, maliciously, wantonly and intentionally "with a conscious indifference to the circumstances," seeking to recover, in addition to his compensatory damages, exemplary damages in order to deter said malicious and illegal conduct in the future. In Count 9 he alleges the defendants acted in bad faith, had been stubbornly litigious and had caused the plaintiff unnecessary trouble and expense seeking expenses of litigation including reasonable attorney fees. In Count 10 he pleaded in the alternative that he had suffered injury to his peace, happiness and feelings as the result of the tortious conduct of the defendants and was entitled to damages as provided in Code § 105-2003 (now OCGA § 51-12-6) as to vindictive damages.

The defendants answered, in substance, denying the claims, the non-resident also denying jurisdiction. The others admitted jurisdiction, the plaintiff's former employment by United, the lawsuit in which he was requested to give a deposition and his subsequent termination from employment, but otherwise denied the averments with reference to the circumstances as to his termination.

Prior to trial the plaintiff amended and recast his complaint wherein it was reduced to five counts against only United and Bernard E. Wilson as the remaining defendants. Count 1 therein sought relief, jointly and severally, for compensatory damages sustained as the result of defendants' wrongful acts including damages for emotional distress and exemplary damages as a result of defendants' wilful, wanton and malicious conduct seeking in the alternative vindictive damages for the defendants' intentional injury to plaintiff's peace, happiness and feelings; also expenses of litigation including reasonable attorney fees. Count 2 involved the malicious and wilful and without lawful justification acts of defendant Wilson inducing the corporate defendant to breach its contract thereby tortiously interfering with plaintiff's contractual, proprietary and economic interest, seeking also in addition to his compensatory damages an award of

vindictive damages to deter defendants from repeating such wilful acts; and in the alternative pecuniary loss and injury to his peace, happiness and feelings as a result of the wrongful acts of the defendants performed necessarily in bad faith, entitling him also to recover necessary expenses of litigation including attorney fees. Count 3 involved a trespass upon the plaintiff's right to privacy and Count 4 with reference to the libel in which the defendants published false and defamatory statements regarding the plaintiff. Count 5 involved the special $1,000 bonus with reference to a proposed program the plaintiff was contracted to prepare.

The case proceeded to trial and the trial court granted motions for directed verdict as to Counts 2, 3 and 4 which were removed from the jury's consideration. The only remaining matter presented to the jury was plaintiff's Count 1 as to wrongful discharge in refusing to perjure himself at a deposition and Count 5 seeking a $1,000 recovery for breach of an independent bonus contract from the defendant United. The jury returned special verdicts that the plaintiff had proven by a preponderance of the evidence that he had been instructed by Wilson to lie at the deposition hearing, that Wilson was acting upon authority of the defendant United, that plaintiff was discharged due to the fact that he did not lie on that deposition and awarded actual damages to the plaintiff in the amount of $50,000. The jury also found there were aggravating circumstances in either the act or the intention and awarded an additional $70,000 to deter the wrongdoer from repeating the trespass or for compensation for the wounded feelings of the plaintiff. The jury also found there were attorney fees due in the amount of $20,000 and that the defendant United had breached an independent contract to the plaintiff with reference to the $1,000 bonus (Count 5).

The trial court rendered judgment against the defendants United and Bernard E. Wilson with respect to Count 1, jointly and severally, for $50,000 actual damages and $70,000 exemplary damages and attorney fees in the sum of $20,000. As to Counts 2 and 3 since the court had directed a verdict in favor of defendants, a judgment was rendered in their favor. The court also directed a verdict in favor of the defendant Wilson as to Count 4 and a judgment was entered in his favor as to the claims of libel. As to Count 5 the court followed the verdict of the jury finding in favor of the plaintiff against United in the sum of $1,000.

The defendants moved for judgment notwithstanding the verdict or in the alternative for new trial. After a hearing the trial court granted judgment notwithstanding the verdict that the plaintiff was not entitled as a matter of law to claim wrongful discharge when his contract was terminable at will and the court determined after considering the motion for directed verdict at the completion of the trial

and in the consideration of the motion for judgment notwithstanding the verdict that the plaintiff failed to provide evidence that the defendants instructed him to lie at the deposition hearing and all reasonable deductions from the evidence offered do not support that position, thereby granting the defendants a verdict with reference to Count 1. The motion for new trial was therein denied, the judgment on Count 5 remaining as the defendants had made no motion with respect to that judgment.

In Case No. 68007 the plaintiff appeals the granting of the judgment notwithstanding the verdict as to Count 1 and the judgment of the trial court directing a verdict as to Counts 2 and 3 of his amended and recast complaint. In Case No. 68008 the defendants appeal the denial of their timely alternative motion for new trial. *Held*:

### Case No. 68007

1. An employee, employed at will and not by contract, cannot bring an action against his employer for wrongful discharge from employment or wrongful interference with the employment contract when and where he is an at will employee with no definite and certain contract of employment. But another employee who does not have the absolute right to discharge that employee without consulting his superiors may be liable for the wrongful discharge of that employee. See Code § 66-101 (now OCGA § 34-7-1). *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613-614 (1, 2) (250 SE2d 442); *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 570 (1) (208 SE2d 583); *Andress v. Augusta Nursing Facilities*, 156 Ga. App. 775 (275 SE2d 368); *Straynar v. Jack W. Harris Co.*, 150 Ga. App. 509 (258 SE2d 248), and cases cited therein. Consequently, the Supreme Court in the *Busbin* case has created case law that in the absence of a controlling contract, such terms as " 'permanent employment,' " " 'employment for life,' " " 'employment until retirement' " amount to employment for an indefinite period terminable at will of either party and "no cause of action against the employer for alleged wrongful termination" exists. The employer, with or without cause and regardless of its motives may discharge the employee without liability. See *McElroy v. Wilson*, 143 Ga. App. 893, 895 (240 SE2d 155) (conspiracy to discharge); *Elliott v. Delta Air Lines*, 116 Ga. App. 36 (156 SE2d 656) (wrongful discharge); *Goodroe v. Ga. Power Co.*, 148 Ga. App. 193 (251 SE2d 51) (discharge of employee to cover-up criminal activities). However, even though a person's employment contract is at will he has a valuable contract right which may not be wilfully interfered with by a third person. See *Ott v. Gandy*, 66 Ga. App. 684 (1) (19 SE2d 180); *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613 (2), supra. An employee, generally, has a property right in his contract of employment (written or verbal even if it is at the will of the employer) which may not be unlawfully interfer-

red with by another. See *Ott v. Gandy*, 66 Ga. App. 684 (1), 688, supra; *Luke v. DuPree*, 158 Ga. 590 (1), 597 (124 SE 13); *Charles v. Simmons*, 215 Ga. 794 (3), 797 (113 SE2d 604); *Salter v. Howard*, 43 Ga. 601, 604; *Bromley v. Bromley*, 106 Ga. App. 606, 613 (3) (127 SE2d 836); *King v. Schaeffer*, 115 Ga. App. 344, 345 (1) (154 SE2d 819), affd. *Schaeffer v. King*, 223 Ga. 468 (155 SE2d 815). While counsel for plaintiff seeks to have us consider cases from foreign jurisdictions involving the employer's conduct in violation of public policy (in this case to get him to lie in a deposition hearing with reference to what occurred with reference to another lawsuit) we are faced with the decision of our Supreme Court in *Ga. Power Co. v. Busbin*, 242 Ga. 612, supra, that no cause of action arises against the employer. Therefore, the trial court did not err in granting the judgment notwithstanding the verdict as to the employer United and against the plaintiff. Whether or not there was evidence to support the jury's verdict a judgment right for any reason will be affirmed. *Coker v. City of Atlanta*, 186 Ga. 473 (1) (198 SE 74); *Tony v. Pollard*, 248 Ga. 86, 88 (1) (281 SE2d 557).

As to the remaining defendant Wilson, however, the evidence was in conflict as to whether or not this defendant had indeed attempted to suborn perjury, that is, instruct the plaintiff to lie in a deposition with reference to the lawsuit then in progress involving the corporate defendant. The testimony was that the defendant Wilson talked to the plaintiff with reference to the deposition coming up, advised him that his memory was better than the plaintiff's in that he (Wilson) had attended the meeting with the president of the corporate defendant and the other litigating party (which the plaintiff testified was not true, although this issue also was in conflict as to what parties were present at that meeting), that plaintiff so advised defendant Wilson that he (Wilson) was not present at the corporate meeting and after plaintiff had testified by deposition Wilson again met him to discuss the deposition and advised him he would "never expect to get anything out of this company again." Plaintiff's testimony was that Wilson told him this because he refused to "lie for the company," and thereafter he never received another raise and later was terminated even though his termination was arranged through other employees of the corporation. The standard for granting a judgment notwithstanding the verdict is that it may be granted only when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment and if there is conflicting evidence or if there is insufficient evidence to make a one-way verdict proper, judgment notwithstanding the verdict should not be awarded. The court must view the evidence in the light most favorable to the party who secured the jury verdict and this approach also governs the appellate courts, as well as the trial courts. As the jury is the final arbi-

ter of the facts the verdict must be construed by the trial and appellate courts in the light most favorable to upholding the jury verdict. *Smith v. Hornbuckle*, 140 Ga. App. 871, 875-876 (232 SE2d 149); *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (256 SE2d 916). Therefore, considering all the facts and circumstances, there was conflicting testimony as between that of defendant Wilson and plaintiff Troy about who attended the meeting with the corporate defendant's president and another, about what was said, as well as the parties attended the meeting. A finder of fact would be authorized to find that defendant Wilson was attempting to impress upon the plaintiff's memory that he (Wilson) was present and as to what occurred and in consideration of all the facts and circumstances the jury could have determined that defendant Wilson was attempting to suborn perjury from plaintiff with reference to this meeting and for him to lie at the deposition hearing and thereafter threatening him that he "would never expect to get anything out of this company again." Subsequently, he was terminated. Accordingly, the trial court erred in granting the judgment notwithstanding the verdict with respect to defendant Wilson as there was evidence to support the jury's verdict on that claim.

2. Count 2 of the recast petition involves the malicious and wilful and without lawful justification acts of defendant Wilson in inducing the corporate defendant to breach its contract (even though it be an at will and oral employment) thereby tortiously interfering with plaintiff's contractual, proprietary, and economic interest for which he sought damages. The court directed a verdict against the plaintiff in favor of defendant Wilson as to this count. Plaintiff has enumerated error as to the direction of the verdict against him. As to the corporate defendant employer, United, there was no error in directing the verdict in favor of that defendant. See *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613-614, supra. Testimony was offered from which the jury could infer and believe that defendant Wilson had unlawfully interfered with his employment rights by instructing him to commit perjury and then threatening him when he refused. Clearly, the defendant Wilson did not have the absolute right or authority to interfere with or obtain the discharge of the employee for refusing to commit perjury. See *Davis v. Hosp. Auth. of Fulton County*, 154 Ga. App. 654 (1) (269 SE2d 867); *American Standard, Inc. v. Jessee*, 150 Ga. App. 663, 666-668 (3) (258 SE2d 240). The trial court erred in directing the verdict against the plaintiff as to Count 2 with reference to defendant Wilson. The defendant cites *Johnson v. City of Port Wentworth*, 119 Ga. App. 357, 358 (166 SE2d 830), which case involves inferences upon inferences and urges that others were involved in the termination of the plaintiff and that a jury cannot assume the ultimate fact that defendant Wilson was the cause of plaintiff's al-

leged wrongful discharge. Nevertheless, even though Wilson had left the employment of the defendant corporation (although he was apparently still a consultant) he had a special status with reference to the president as to this insurance business, and the facts here testified to authorized the jury to determine that it was reasonably and logically certain that the plaintiff's termination resulted from the proven facts. The mere fact that another who had the authority to fire the plaintiff and did so does not refute the earlier testimony that the defendant Wilson tortiously interfered with the plaintiff's contractual, proprietary and economic interest in this instance. This issue should have been allowed to be heard by the jury, and the trial court erred in directing the verdict as to this count.

3. Count 3 involved a trespass upon the plaintiff's right to privacy in that the defendants interfered with his right to testify by attempting to suborn perjury. A person is protected from any wrongful intrusion. In this case an attempt to require him to lie at the deposition would outrage or cause mental suffering, shame or humiliation to the ordinary person of ordinary sensibilities. See Code § 79-205 (now OCGA § 1-2-6); *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190 (50 SE 68); *Goodyear Tire &c. Co. v. Vandergriff*, 52 Ga. App. 662, 665 (184 SE 452); *Hines v. Columbus Bank &c. Co.*, 137 Ga. App. 268 (223 SE2d 468); *Ga. Power Co. v. Busbin*, 149 Ga. App. 274, 277 (6) (254 SE2d 146); *Cabaniss v. Hipsley*, 114 Ga. App. 367, 370 (151 SE2d 496). Again the decision of *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613-614, supra, controls the direction of the verdict in favor of defendant United, and the trial court did not err in removing it from jury consideration. The resulting damage in the case sub judice was his termination from employment and as there could be no cause of action against the employer it was properly dismissed from this count. Aliter as to the employee, defendant Wilson. As to the defendant Wilson the trial court erred in removing plaintiff's claim from consideration by the jury, there being evidence to support it.

4. Plaintiff next contends that the trial court erred in refusing to allow the plaintiff to introduce relevant portions of a deposition of the witness Denham, the deceased president of the corporate defendant. The deposition in question was taken in another case and did not involve the same parties and the same issues. Therefore, it could not be received in evidence here. See *Hooper v. Southern R. Co.*, 112 Ga. 96 (1) (37 SE 165). Compare *Atlanta & West Point R. v. Venable*, 67 Ga. 697 (1). Therefore, no showing of confrontation and examination of the witness, now deceased, was shown as to substantially the same issues between the parties, and the trial court did not err in holding that this deposition did not rise to the level of admissibility in the case in meeting the test of Code § 38-314 (now OCGA § 24-3-10), based upon *Hooper v. Southern R. Co.*, 112 Ga. 96 (1b), supra. There

is no merit in this complaint. Nothing said in *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 876-879 (2) (285 SE2d 566), authorizes the use of this testimony here.

5. A written request to charge the law of intentional infliction of emotional distress was made as claimed by the plaintiff in his complaint, and same was adjusted to the evidence and the facts of the case and timely exception was made to the court's refusal to charge. Consequently, the trial court erred in refusing to allow the jury to consider this instruction. See *Ga. Power Co. v. Johnson*, 155 Ga. App. 862, 863 (2) (274 SE2d 17); *Thomas v. Ronald A. Edwards Constr. Co.*, 163 Ga. App. 202, 204-205 (2) (293 SE2d 383); *Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, supra; *Goodyear Tire &c. Co. v. Vandergriff*, 52 Ga. App. 662, 665, supra; *Cabaniss v. Hipsley*, 114 Ga. App. 367, supra. As to Case No. 68007 it must be affirmed in part and reversed in part.

### Case No. 68008

6. We now proceed to Case No. 68008 involving the denial of the defendants' motion for new trial inasmuch as the judgment above results in a reversal. We proceed to consider the enumerations of error in the cross-appeal.

As to Enumeration of Error No. 1 we have already reviewed the question of the wrongful termination of plaintiff above, and there is no merit in this complaint as there was evidence to support the verdict as to defendant Wilson. The second enumeration is not meritorious as the defendants claim the verdict was without evidence to support it, and we have determined that there was evidence to support it.

With reference to enumeration 3, even though the trial court had ruled against the plaintiff as to defendant Wilson's motion for directed verdict on Count 2 (tortious interference with plaintiff's contractual relationship with United), the trial court did not err in charging and submitting to the jury the issue of tortious interference with the contractual relationship as same should have been considered under Count 2 of the complaint. See Division 2 above.

7. The trial court did not err in defining for the jury the term tort as the unlawful violation of a private legal right or the violation of a public duty where some special damage occurred to the individual by reason of the violation of that duty. Nor did the trial court err in charging the jury that it is a violation of the recognized public policy of this State and indeed a crime for one person to procure or even induce a person to commit perjury or to swear falsely and further that anyone injured because of such conduct would be entitled to recover damages for such injuries from such wrongful conduct. See the rulings as to Case No. 68007 above. Further, the trial court did not err in charging that the plaintiff's case was based upon his contention that

his employment was unlawfully terminated. This applied to the defendant Wilson although not to the defendant United, no longer in the case by reason of our ruling in Division 1 above. As to Division 2 the tortious interference with plaintiff's contractual relationship with United, we have held the trial court erred in directing a verdict as to that count in favor of defendant Wilson. The error was not harmful with reference to the charge by the court that a party with no authority to discharge an employee at will, if activated by an unlawful scheme or purpose to injure and damage, may not maliciously and unlawfully persuade the employer to breach the contract with the employee. This charge is based on plaintiff's case that his employment was so unlawfully terminated.

8. As we have ruled in Division 1 above that defendant United could not be liable in tort we have no need to rule on the claimed error of the trial court in charging the jury with reference to it as it is in no wise liable in tort for the actions of the defendant Wilson in interfering with the contractual relationship of the plaintiff Troy.

9. Under the circumstances here as disclosed by the evidence the trial court did not err in charging and submitting to the jury the issue of additional and exemplary damages. Nor did the trial court err in its charge with reference to the recovery of additional damages for wounded feelings as same was shown as being in the alternative. Further, we find no error in the charge based upon the entire absence of care as raising a presumption of conscious indifference to consequences or an intentional disregard of the rights of the plaintiff. Further, the trial court did not err in charging the issue of bad faith that would entitle a person wronged to recover the expenses of litigation including attorney fees as being in addition to the compensatory damages with reference to an intentional tort or intentional civil wrong.

10. During the plaintiff's employment with United he prepared a memo for United's file with reference to events as to the *Berry* case (suit by former employee Berry against United) which involved the conversations and discussions by and between that individual and the president of United, the subsequent litigation by and between Berry and United, and the fact that he (plaintiff) was to make a deposition in the case. This memo also contained the substance of plaintiff's conversation with defendant Wilson herein in which Wilson advised that his memory was better than the plaintiff's and that he (Wilson) was in attendance at the meeting and his disagreement with Wilson as to what occurred, and that thereafter after the deposition Wilson told him that his economic and personal growth with United "had come to an end." This memo, while certainly self-serving, was a part of the business records of the defendant United. Defendants contend that this document was a self-serving statement and an attempt to bolster plaintiff's own testimony so as to put in a tangible black and white

form his testimony to the jury, citing *Denton v. Etheridge*, 73 Ga. App. 221 (3) (36 SE2d 365). That case recites that a party cannot make evidence for himself and that self-serving declarations are not admissible unless they become relevant for some other reason. This memo was highly relevant with reference to the conflicting testimony by and between the plaintiff Troy and defendant Wilson and another witness for the defendants with reference to the confrontation by and between the parties during employment. Further, the defendants contended that the practical effect of the memorandum was an effort by plaintiff "to add an 'extra witness' in support of his contentions." However, the substance of this document was admitted with no objection in another exhibit as a company memo by and between other employees of the defendant United. Consequently, we find no merit in this complaint. See *Mabry v. Henley*, 123 Ga. App. 561 (1c), 568 (4) (181 SE2d 884), and cases cited.

The above rulings in Divisions 2 and 3, respecting a reversal of the trial court in its holdings as to Counts 2 and 3 with respect to defendant Wilson would require a new trial not granted on the cross-appeal (Case No. 68008) in which we affirm the denial of defendant's motion for new trial. However, the ruling in Division 1 above as to the main appeal (Case No. 68007), reversing in part the trial court in granting a judgment notwithstanding the verdict, reinstates the judgment against defendant Wilson, and plaintiff may not desire to pursue a new trial. The reversal includes counts amounting to alternative pleadings. Therefore, plaintiff must elect whether or not he desires to have a complete reversal of the case so as to retry the entire case including Count 1 (as to Wilson) or to receive the judgment based on the jury verdict against the defendant Wilson alone. Plaintiff Troy is directed to make said election as soon as the remittitur reaches the trial court.

*Judgment affirmed in part and reversed in part and as directed in Case No. 68007; affirmed in Case No. 68008. Deen, P. J., concurs. Sognier, J., concurs in the judgments only.*

DECIDED JULY 12, 1984 —
REHEARING DENIED JULY 25, 1984 —

*Eugene D. Butt, James L. Ford*, for appellant.
*William H. Major, George H. Myshrall, Jr.*, for appellees.