SAMUEL P. SALTER, plaintiff in error, vs. JOHN HOWARD, defendant in error.

Where A sued B to recover damages for the enticement and employment by B, of servants on the plantation of A, which he alleges were hired by him for the year 1866, and a motion was made for a non-suit by defendant on the ground that the proof failed to show a valid and mutually binding contract between A and the servants; the fact being that A and such servants had entered into a written contract, but which had not been signed or approved by the Freedmen's Bureau, though contemplated that it should be so submitted for approval by the parties thereto, but the servants had gone on under the contract, and was at work at A's plantation, and had been there nearly a month, and the Court overruled the non-suit:

*Held*, That this was not error by the Court. After the emancipation of the slaves in Georgia, they were competent to contract for their labor, and while in the employment of one under a contract, it was illegal for any other party to interfere and hire them, and such person cannot, under our laws, defend himself against the wrong by setting up questions arising on the contract of such servants by A.

2. *Held again*, Where upon the trial for enticement of servants from the employment of another, the Court permitted evidence of consequential damages, to go to the jury, to the effect that the servants he first employed had provisions, and those he subsequently employed to take their place had not, by which he was compelled to furnish provisions, and, making a poor crop, such persons were unable to pay him for the provisions furnished out of their share of the crop, by which he was damaged; that this was error. The damage the law recognizes as legal to be recovered upon such actions are actual damages sustained by the act at the time of its commission, and the expense and time lost in getting other servants, or injury to the crop by interruption of the labor thereon or failure to obtain other labor after faithful effort to do so; or losses of like character are proper and legal for the consideration of the jury.

3. *Held*, The Court erred in refusing a new trial upon the admission of illegal evidence which misled the jury on the question of damages under the facts in this case.

Master and servant.   Damages.   Before Judge COLE. Houston Superior Court.   December, 1868.

Howard averred that certain eighteen negroes were employed by him as his servants for carrying on his farming

operations, yet Salter, knowing this fact, and with a view to injure him, on the 29th of January, 1866, wrongfully enticed them away into *his* service, whereby Howard lost the profits of their labor.

Howard testified about the 24th of December, 1865, he hired said negroes to work on his plantation for 1866. They were to furnish themselves and get one-third of the crop. These terms were reduced to writing, he took a copy and gave them one, but neither he nor they signed the contract, because it was desirable to fill up the number of hands wanted before 'going to sign before the Freedmen's Bureau agent. These negroes were on his place till about the 22d of January, 1866, when they left, saying they were going to defendant. About that time Salter's wagon came for them, but Howard sent it back, with a note that he had employed them for 1866, and he supposed he, Salter, would not employ them. Salter's agent sent back an insolent reply. Subsequently the negroes left. He found them on Salter's place and demanded them from him. Salter replied that he would not drive the negroes off, but Howard could send the sheriff after them. Howard said he would send the sheriff after them and him too. Salter said he had made no contract with the negroes as the papers were not signed. Howard considered the signing not necessary to constitute the contract, but whether the negroes did he did not know.

He said he was damaged $3,000.00. Because these negroes had provisions, while those whom he afterwards employed had none, he had to furnish them, and failing to make a crop he lost the price of these provisions. Thus he lost $2,500 00. The interruption in the preparation of his crop, extra expense and loss of time were worth $500 00. Here the plaintiff rested his cause. Defendant's counsel moved for a non-suit, upon the ground that the alleged contract of Howard was incomplete. The motion was overruled. The defendant offered no testimony. The jury found for plaintiff for $1,200 00. Defendant's counsel moved for

a new trial upon the grounds that the verdict was contrary to the principles of equity, decidedly against the weight of the evidence, and contrary to law, and because the Court erred in overruling the motion for non-suit. The new trial was refused, and that is assigned as error.

POE, HALL & POE; S. D. KILLEN, for plaintiff in error. Enticing servants at common law : 2 Bouv. Inst., 2295 ; 2 Kent's Com., 258. If not bound as servants, no enticing : Kent's Com., 532, note 4; 9th Ad. & El., E. C. L. R., 693. This contract was incomplete : Bing. on Sales, 30, 38, 45, 56, 179; 10 Ex. Ch. R., 610; 3 M. & G., E. C. L. R., 743; 14 Ga. R., 596. In December, 1865, negroes could only contract here by the Bureau agent: 14 Ga. R., 185; Revised Code, section 2701 ; Constitution of 1865, Article 1, section 20 ; Article 2, section 5, p. 5; Article 5, section 1, p. 5, 9; Acts 1866, 239 ; 35 Ga. R., 324, 332; 36th, 475. Law of conquered people: Cowp., 209; 7 Wallace. R., 700. What makes a servant: 4 Taunton R., 876. Salter could not restore freemen, they being unwilling: 1 Blackford's R., 122; Constitution of 1865, Article 1, section 20. Damages are excessive: 1 Parsons on Con., 532, note F.

A. S. GILES; NESBITS & JACKSON, for defendant.

LOCHRANE, Chief Justice.

This was an action brought by Howard against Salter, to recover damages for enticing servants out of his employ. The case came for trial at August Adjourned Term of Houston Superior Court, and the jury found for the plaintiff the sum of $1,200 00.

A motion for a new trial was made by the defendant upon the following grounds, to-wit: 1st. That the Court erred in refusing a non-suit. 2d. That the verdict was contrary to evidence and law, etc. The Court overruled the motion for a new trial, and this constitutes the ground of error assigned.

1. The motion for non-suit was upon the ground that the plaintiff had proven no contract, consummated and complete, for the hiring of the negroes charged to be enticed by the defendant from the service of the plaintiff. The evidence in the case substantially showed that the servants were upon Howard's place, and at work at the time they left, and that he had made a contract with them which was to be approved by the Freedman's Bureau, but which had not been done. From an examination of the evidence we are of opinion that the written contract was incomplete, and we do not place our judgment in this case upon the validity of that contract. But the fact that these servants were under employment by Howard, and, in performance of such agreement, were upon his place at work, constituted, as to third parties, such a relationship of master and servant as protected them from being interfered with or enticed to leave his plantation. We do not hold that it is necessary to sustain this action that there must be a written contract, or that any third party can take advantage of formal defects in one if written. If under employment the servants are at work, any person intruding upon the rights of the master by enticing them away, is liable in an action of damages, and we therefore concur with the Court in refusing the new trial sought upon this ground.

As to the other grounds of error alleged, we are satisfied from the evidence that there was sufficient proof to sustain the verdict of the jury, so far as relates to the enticing of these servants. The defendant's wagon went to plaintiff's place after them, and plaintiff sent it back, with a note stating the negroes were in his employment, and subsequently the negroes left and were found on defendant's plantation.

2. But we hold that the Court erred in admitting the evidence of damage upon the part of plaintiff in relation to the fact that these servants had provisions to furnish themselves with, and those he employed in their place had none, and he had to furnish them, that he made a poor crop, and never got pay for these provisions, losing thereby $2,500 00. The

The Central Railroad Company *vs.* The M. and C. of Macon.

damage the law gives in cases of this character are limited to actual damages incurred at the time and by reason of the loss of the servants, and not the speculative damages arising out of *poor crops*, or such remote causes of damage. The loss arising from the interruption in the preparation or planting of his crop, loss of time and expenses in replacing them with other hands; or if at a season of the year when the crop may be lost by such interruption, or actual damage incurred by such loss of labor to his crop at the time, is the measure of damages which should be allowed by the jury. And, inasmuch as the Court erred in the admission of this evidence, we reverse the judgment of the Court below upon this ground.

Judgment reversed.