*J. L. Sweat,* for defendants.

---

### FULTON NATIONAL BANK v. FULTON COUNTY.

PER CURIAM.  Fulton County, through its commissioners, entered into a written contract with a contractor, whereby the contractor bound himself, in consideration of the sum of $122,000 to construct the concrete framework required in a court-house building.  It is provided in the contract that the work shall begin within a certain time and be completed in 175 working days, "time being of the essence hereof," and in default of timely completion the contractor is to pay the county thereafter until completion $50 per day as liquidated damages.  "The sums which may become due to the owner on account thereof may be retained by the owner out of any sums which may be or become owing to the contractor hereunder, or may be recoverable by suit therefor."  If the contractor should at any time refuse or neglect to supply a sufficiency of workmen or materials of the proper quality, or to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements of the contract, or become bankrupt or insolvent, the owner shall be at liberty, after three days written notice, to provide any such labor or material, "and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract;  .  .  or if the contractor shall become bankrupt or insolvent, the owner shall also be at liberty to terminate the employment of the contractor, to annul and cancel this contract for the

said work, and to enter upon the premises and take possession for the purpose of completing the work comprehended under this contract, . . or relet the work; and in case of such discontinuance of the employment of the contractor, he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor, but if such expense shall exceed such unpaid balance, the contractor shall pay the difference to the owner." The contract price, subject to additions and deductions, is payable to the contractor in installments as follows: On the first day of each month a certificate will be given by the architects for a payment, on account of the contract, of 85 per cent. of the value of the work finished and which has become a permanent part of the building, provided the contractor applies in writing on or before the 27th day of the preceding month, and the schedule of the work done and in place has been furnished to the architects. Each certificate given by the architects will be paid by the county on or before the 5th day of the month in which the certificate is dated. A certificate for the 15 per cent. of the contract price will be given by the architects 30 days after the completion of the work in conformity with the drawings and specifications to the satisfaction of the architects; final payment is to be made within 5 days after final certificate by the architects; all payments shall be made upon the written certificates of the architects to the effect that such payments have become due. If at any time there shall be evidence of any lien or claim for which, if established, the owner of the premises might become liable, and which is chargeable to the contractor, the "owner shall have the right to retain out of any payments then due, or thereafter to become due, an amount sufficient to completely indemnify it against such lien or claim. . . It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract, except the final certificate or final payment, shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper material." No transfer or subletting of the contract is permitted, except on written consent of the architects. The contractor agrees to give a bond to insure the full performance of the contract and all of its terms. The contractor gave the bond and erected a large amount of the concrete framework, and continued in the work under the contract until receivers were appointed for him. The receivers continued the work for two weeks, when the work was turned over to the surety on the contractor's bond, who completed such work according to the contract. During the performance of the work by the contractor he became indebted to the Fulton National Bank in various sums, represented by notes aggregating $17,500. All or a large part of this sum was used by the contractor in the performance of his work. In order to secure the payment of the notes the bank took from the contractor written assignments of the funds due him under the con-

tract, as stated in attached accounts, amounting to $10,000 or other large sum. Each of the assignments had attached to it a statement that the account was the account with Fulton County growing out of the court-house contract. Fourteen days after the appointment of the receivers for the contractor, the bank gave to the county written notice that the contractor had assigned to it said accounts to secure his notes to the bank. Five days later the county acknowledged receipt of the notice, and refused to recognize the validity of the assignment. The work was completed by the surety according to the contract. The necessary cost to the surety of doing the balance of the work exceeded the balance of the contract price, after deducting payments made to the contractor before default and including the sums sought to be recovered in this suit. In paying the surety the county exacted and received an indemnifying bond to save it harmless if it was required to pay the bank. In an action by the bank against the county the foregoing facts were alleged, and judgment was prayed for the amount alleged to be due under the assignments from the contractor. The petition was dismissed on demurrer. *Held:*

1. The assignment to the bank by the contractor of amounts alleged to be due under the contract was subject to the terms of the contract between the county and the contractor, with notice of which the assignee was chargeable.

2. Under the contract the county might have completed the work itself; and had it done so, the contractor would not have been entitled to receive any further payments until the work was wholly finished, and then only if the balance to be paid under the contract should exceed the expense incurred by the county for finishing the work. If the expense should be more than such unpaid balance, the contractor would be liable to the county for the difference.

(a) Where instead of itself completing the work the county permitted the surety on the contractor's bond to do so, which was done at a necessary expense exceeding the balance of the contract price after deducting payments made to the contractor before default, and including the sums sought to be recovered in this suit, such surety became subrogated as to the right which the county would have had to the balance of the contract price had it completed the work itself; and where such balance was paid by the county to the surety, its right thereto was superior to the claim of the assignee of the contractor before his failure. Title Guaranty Co. *v.* Dutcher, 203 Fed. 169; First National Bank *v.* City Trust etc. Co., 114 Fed. 529 (52 C. C. A. 313); Henningsen *v.* United States Fidelity etc. Co., 143 Fed. 812, s. c. 208 U. S. 404 (28 Sup. Ct. 389, 52 L. ed. 547) ; Prairie State Bank *v.* U. S., 164 U. S. 227 (17 Sup. Ct. 142, 41 L. ed. 412).

(b) Under the facts above stated, where a suit was brought by the assignee of the contractor against the county to recover the amount sought to be assigned, the petition was demurrable.

*Judgment affirmed. All the Justices concur.*

FEBRUARY 18, 1916. REHEARING DENIED MARCH 3, 1916.

Equitable petition. Before Judge Bell. Fulton superior court. October 26, 1914.

*Little, Powell, Smith & Goldstein* and *Ronald Ransom,* for plaintiff.

*Leonard Haas* and *L. Z. Rosser,* for defendant.