29211. OTT *v.* GANDY.

Decided February 28, 1942.

*Paul T. Chance,* for plaintiff.

*Cumming, Harper & Nixon,* for defendant.

SUTTON, J.   The petition alleges that the defendant, who was the local manager of an office of an insurance company by which the plaintiff was employed, and who had no authority to discharge him, did, being actuated by an unjust desire, scheme, and purpose to injure and damage him, maliciously and unlawfully persuade the company to breach its contract with the plaintiff.   No terms of the contract are set out and the petition must be construed as alleging that the plaintiff was working under a contract which was terminable at the will of the employer.   While the petition several times

refers to a breach of contract by the employer, the gist of the complaint is an alleged unlawful and malicious interference with his contractual relations with the employer, resulting in the termination of his services which were highly acceptable to the company and which were ended only by reason of the unjustified act of the defendant.

No case seems to have been before the appellate courts of this State in which was involved the question whether recovery could be had for an unlawful interference with one's employment under a contract terminable at the will of the employer, although there have been several cases dealing with wrongful acts which brought about a breach of contract for a definite period. It is settled by the weight of authority in other jurisdictions, however, that the fact that the employment is at the will of the employer does not relieve from liability for damages one who, without justification, causes the discharge of the employee. As stated in 30 Am. Jur. 66, § 12: "The fact that employment is at will and that the employer is free from liability for discharging an employee does not carry with it immunity to a third person who, without justification, causes the discharge of the employee. Thus, the rule has been stated that where a third person induces an employer to discharge an employee, under a contract terminable at will, but under which the employment would continue indefinitely, in accordance with the desire of the employer, except for such interference, and where the only motive actuating the third person is a desire to injure the employee . . a cause of action arises in favor of the employee against such third person. It has been judicially suggested, however, that while one's contractual rights to labor, although terminable at will, are entitled to protection against wanton interference, yet since they are not so assured or valuable in their nature as are valid contracts for continued service for a definite period, it may well be that a stronger reason may be needed to justify interference with such contracts than with those for a definite [an indefinite] term. Moreover, the fact that the plaintiff's contract is terminable at will, instead of ending at a stated time, affects the amount that he is to receive as damages." It is stated in 39 C. J. 1375, § 1613: "One who maliciously or without just cause or excuse procures the discharge of a servant from his employment is liable to him for the resulting damages, and while there is some authority to the con-

trary, it has very generally been held that this principle is applicable, although the service was for no definite or fixed period." See 4 Restatement of the Law of Torts, 49-53, § 766; Annotations in 84 A. L. R. 61; 29 A. L. R. 535. In all of the above, except Restatement of the Law, many cases are cited under the text. "The fact that the employment is at the will of the parties, respectively, does not make it one at the will of others. The employee has manifest interest in the freedom of the employer to exercise his judgment without illegal interference or compulsion and, by the weight of authority, the unjustified interference of third persons is actionable although the employment is at will." Truax v. Raich, 239 U. S. 33, 38 (36 Sup. Ct. 7, 50 L. ed. 131).

We think that the principles above enunciated are sound, and we adopt them as applicable to the facts alleged in the plaintiff's petition. Accordingly, we hold that the petition set out a cause of action, and that the court erred in sustaining the defendant's general demurrer.

*Judgment reversed.* *Stephens, P. J., and Felton, J., concur.*