### 20953.   COOK v. ROBINSON *et al.*
### 20954.   OBIE L. COOK PRINTING EQUIPMENT CO. v. ROBINSON *et al.*

QUILLIAN, Justice.   1.   "A conspiracy upon which a civil action for damages may be founded is a combination between two or more persons either to do some act which is a tort, or else to do some lawful act by methods which constitute a tort. Where

it is sought to impose civil liability for a conspiracy, the conspiracy of itself furnishes no cause of action. The gist of the action, if a cause of action exists, is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage. *Martha Mills v. Moseley,* 50 Ga. App. 536, 538 (2) (179 S. E. 159). Thus, where the act of conspiring is itself legal, the means or method of its accomplishment must be illegal." *Vandhitch v. Alverson,* 52 Ga. App. 308, 310 (1) (183 S. E. 105); *Clein v. City of Atlanta,* 164 Ga. 529, 534 (139 S. E. 46, 53 A. L. R. 933); *Foster v. Sikes,* 202 Ga. 122 (42 S. E. 2d 441); *National Bank of Savannah v. Evans,* 149 Ga. 67 (99 S. E. 123); *Lambert v. Georgia Power Co.,* 181 Ga. 624, 628 (183 S. E. 814); *Johnson v. Ellington,* 196 Ga. 847 (28 S. E. 2d 114); *Luke v. Dupree,* 158 Ga. 590, 597 (124 S. E. 13).

2. While the conspiracy is not the gravamen of the charge, it may be pleaded and proved as aggravating the wrong of which the plaintiff complains, enabling him to recover in one action against all defendants as joint tortfeasors. *National Bank of Savannah v. Evans,* 149 Ga. 67, supra; *Bentley v. Barlow,* 178 Ga. 618 (173 S. E. 707).

3. The conspiracy may be pleaded in general terms, and this is true although the jurisdiction of the court to render judgment against one or more of the defendants depends upon allegations and proof of the conspiracy. *Peoples Loan Co. v. Allen,* 199 Ga. 537, 558 (34 S. E. 2d 811); *Walker v. Grand International Brotherhood &c. Engineers,* 186 Ga. 811, 820 (199 S. E. 146).

4. If no cause of action is otherwise alleged, the addition of allegations concerning conspiracy will not make one; but, where a cause of action is alleged, the fact of conspiracy, if proved, makes any actionable deed by one of the conspirators chargeable to all. *Young v. Wilson,* 183 Ga. 59 (187 S. E. 44); *Horton v. Johnson,* 187 Ga. 9 (5) (199 S. E. 226); *Wall v. Wall,* 176 Ga. 757 (4) (168 S. E. 893); *Grant v. Hart,* 192 Ga. 153, 156 (5) (14 S. E. 2d 860); *Peoples Loan Co. v. Allen,* 199 Ga. 537, supra. The liability is joint and several. *Smith v. Manning,* 155 Ga. 209 (2) (116 S. E. 813).

5. "The law recognizes the intrinsic difficulty of proving a conspiracy. The allegations with reference to conspiracy are treated as matters of inducement leading up to a more par-

ticular description of the acts from which conspiracy may be inferred. . . Less certainty is required in setting out matters of inducement than in setting out the gist of the action. . . The conspiracy may sometimes be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances. The rule is to allow great latitude in setting out in the complaint the particular act upon which the conspiracy is to be inferred, and even to allow individual acts of the conspirators to be averred. 'To show conspiracy it is not necessary to prove an express compact or agreement among the parties thereto. The essential element of the charge is the common design; but it need not appear that the parties met together either formally or informally and entered into any explicit or formal agreement; nor is it essential that it should appear that either by words or writing they formulated their unlawful objects. It is sufficient that two or more persons in any manner either positively or tacitly come to a mutual understanding that they will accomplish the unlawful design. And anyone, after a conspiracy is formed, who knows of its existence and purposes and joins therein, becomes as much a party thereto . . . as if he had been an original member.' 1 Eddy on Comb. § 368." *Woodruff v. Hughes,* 2 Ga. App. 361, 365 (58 S. E. 551); *Huckaby v. Griffin Hosiery Mills,* 205 Ga. 88, 91 (52 S. E. 2d 585); *Horton v. Johnson,* 192 Ga. 338, 346 (15 S. E. 2d 605).

6. "Whether or not a combination formed for injuring another in his business be lawful, so far as the purpose is concerned [such as setting up a lawfully competitive business,] if unlawful means are used effectuating that purpose, resulting in damages, the conspiracy is actionable." 15 C. J. S. 1006, § 10; *Burrus Motor Co. v. Patterson-Pope Motor Co.,* 50 Ga. App. 801, 810 (179 S. E. 171); *Employing Printers Club v. Doctor Blosser Co.,* 122 Ga. 509 (50 S. E. 353, 69 L. R. A. 90, 106 Am. St. Rep. 137, 2 Ann. Cas. 694).

7. Where, under an application of the announced principles of law in the foregoing divisions of the syllabus, in an action for damages against three named defendants, it is alleged that the defendants have damaged the petitioner in a named amount by their wilful, deliberate, wrongful, and unlawful deeds, omissions, silences, breaches of trust, loyalty, and

confidence, committed or omitted pursuant to a conspiracy among them unlawfully to destroy and ruin the petitioner's printing business by establishing a competitive printing business; and it is alleged that one of the defendants was the petitioner's general manager in charge of the printing business and occupied a confidential and fiduciary relationship to the petitioner as his general agent; that another of the defendants, acting as an official, agent, and employee, as president of the third defendant, a corporation receiving and retaining the benefits of its president's acts, bore a confidential and fiduciary relationship to the petitioner, as his agent, employed to effectuate a sale of the petitioner's printing business as a going concern; and it is alleged that the first defendant set up a competitive printing business; converted funds, materials, supplies, and equipment belonging to the petitioner's business for use in the competitive business; used the petitioner's facilities and labor to print material advertising the competitive business; used petitioner's ledger of accounts listing his customers to solicit business for the competitive business; and induced named employees of the petitioner to breach their contracts of employment with the petitioner and accept employment in the competitive business; and it is alleged that the second defendant kept silent when he knew that the first defendant was setting up a competitive business, and assured the petitioner that the first defendant was co-operating with him fully in the sale of the petitioner's business, when such was not the case; and it is alleged that the third defendant, through its president, the second defendant, sold enumerated items of machinery and equipment to the first defendant for use in his competitive business, all of which acts are alleged to have been performed pursuant to the combination among the defendants to unlawfully destroy and ruin the petitioner's business—the petition stated a cause of action against each of the defendants as against the second and third defendants' general demurrers.

8. Where, in such a case as indicated in the foregoing division, the petitioner amends by alleging that the acts and doings of the second defendant, its president, were authorized and ratified by the corporate third defendant, such amendment is not objectionable as adding a new cause of action or a new party defendant. "A corporation can act only by its agents, yet for

such acts it is responsible, and a simple direct statement that it committed a tortious act by the agent makes the corporation responsible. *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324 (58 S. E. 2d 559)." *American Thread Co. v. Rochester*, 82 Ga. App. 873, 885 (62 S. E. 2d 602). The original petition comes within the purview of Code § 81-1303, and within the meaning of "enough to amend by" as used in *Ellison v. Georgia R. Co.*, 87 Ga. 691 (13 S. E. 809), and the trial court did not err in overruling the motions of the second and third defendants, Obie L. Cook and Obie L. Cook Printing Equipment Company, to vacate and set aside the order allowing the indicated amendment.

9. Where, in such a case as indicated, it is alleged that the first of the three defendant conspirators, the general agent of the petitioner, is insolvent, has converted the petitioner's funds, goods, and equipment, and so commingled the property with his own that it may be lost, wasted, or disposed of, and an injunction, an accounting, and the appointment of a receiver is prayed, such as to give equity jurisdiction of the cause, and where equity has taken jurisdiction, it will retain it for all purposes against all proper parties. *McCord v. Walton*, 192 Ga. 279 (3) (14 S. E. 2d 723).

10. Since the allegations of the petition must be taken as true in reviewing the case on demurrer, on a consideration of the petition as a whole, the allegations are sufficient as a matter of pleading to authorize a claim for punitive damages, and are not subject to any grounds of the special demurrer. *Code* § 105-2002; *Walker v. Grand International Brotherhood &c. Engineers*, 186 Ga. 811, supra, and citations.

11. Where bad faith is sufficiently inferable from the tortious acts allegedly committed wilfully and wantonly pursuant to a conspiracy to destroy the petitioner's business, a recovery of attorney's fees is authorized, and the claim for such fees is not subject to special demurrer. *Mendel v. Leader*, 136 Ga. 442 (3) (71 S. E. 753); *Christopher v. Almond*, 177 Ga. 211 (169 S. E. 899).

12. Where, in such a case as indicated, it is alleged that the petitioner has been damaged in a stated sum by the defendant conspirators' destruction of his business, such allegation is not subject to special demurrer for failure to itemize the damage. The measure of his damage is such as proximately flows

from the destruction of the business, and it is not necessary to itemize the damages emanating from enumerated tortious acts allegedly committed incident to the achievement of the major object of the conspiracy. *Employing Printers Club v. Doctor Blosser Co.,* 122 Ga. 509, supra.

13. Where, in such case, it is alleged that, pursuant to the conspiracy, the defendants tortiously induced the petitioner's employees to break their contracts of employment with the petitioner, the allegation is not subject to special demurrer for failure to set out the contract with particularity, as would be the case were the contract the basis of the action. *Lambert v. Georgia Power Co.,* 181 Ga. 624, supra; *Luke v. DuPree,* 158 Ga. 590, supra; *Employing Printers Club v. Doctor Blosser Co.,* 122 Ga. 509, supra, and the numerous cases there cited.

14. "Though a bill be not framed with accurate precision, yet the allegations will be sufficient if they clearly and distinctly apprise the defendant of what he is called on to defend" (*Black v. Black,* 15 Ga. 445 (2)); and, "the plaintiff is not required to set forth the evidence, either direct or circumstantial, by which he expects to establish the traversable facts alleged in the petition." *Cedartown Cotton &c. Co. v. Miles,* 2 Ga. App. 79 (1a) (58 S. E. 289). Under an application of these principles of pleading to the petition in the instant case, none of the special demurrers of either of the defendants, not otherwise here treated in detail, is meritorious.

The trial court did not err in any of the rulings of which complaint is here made in either of the cases.

*Judgments affirmed. All the Justices concur.*

ARGUED JULY 12, 1960—DECIDED OCTOBER 6, 1960.

*Noah J. Stone,* for plaintiffs in error.

*Wilson, Branch & Barwick, J. Frank Ogletree, Jr., M. Cook Barwick, James C. Howard, Howard, Harp & Storey, Noah J. Stone, Casper Rich,* contra.