40424.  STUDDARD et al. v. EVANS.

DECIDED JANUARY 6, 1964.

Stevens & Stevens, Robert L. Stevens, Fulcher, Fulcher, Hagler & Harper, William Fulcher, Julian H. Stewart, for plaintiffs in error.

Randall Evans, Jr., contra.

HALL, Judge. 1. The defendants demurred on the ground that the petition shows on its face that the Superior Court of McDuffie County does not have jurisdiction of the cause of action under Code § 94-1101. Subsequent to the filing and certifying of the bill of exceptions an amendment to the petition was offered and allowed setting out the county where various acts stated in the petition allegedly took place. Since the trial court had jurisdiction in allowing the amendment to the petition, Ware v. Martin, 208 Ga. 330 (3) (66 SE2d 737), the ruling excepted to in the bill of exceptions, not going to the petition as amended, cannot become the "law of the case." In view of the amendment, the assignment of error in this bill of exceptions as to jurisdiction has become moot and reversal would not benefit the plaintiff in error. Gillon v. Johns, 105 Ga. App. 599, 600 (125 SE2d 70).

2. The defendants concede that a client who employs an attorney and afterwards discharges him has an obligation to pay the attorney quantum meruit for services rendered and, therefore, the client's refusal to pay the attorney would be wrongful; and that a third person who induces the client to refuse to pay the attorney would be a wrongdoer and subject to liability if the

inducement resulted in a wrong to the attorney. . But the defendants contend that this petition fails to allege that the client has refused to pay the plaintiff attorney for his services, and therefore does not show that the attorney has been wronged. We cannot agree with this contention. The fact that the plaintiff has not been paid reasonable attorney's fees for his services is inherent, it seems to us, in the allegations that the client disavowed the employment of the attorney and that the plaintiff has been damaged in an amount which he alleges is a reasonable amount as attorney's fees. And since the petition alleges a wilful tort the failure to allege a demand upon the client for payment is immaterial. *Code* § 3-106; *Farmers &c. Bank v. Bennett & Co.*, 120 Ga. 1012, 1014 (48 SE 398); 98 CJS 775, § 39; 86 CJS 974, § 51. Moreover, whether the petition is construed to show that the defendants induced a breach of the client's obligation to pay for the attorney's services quantum meruit, or is construed to show only that the defendants' acts interfered with the attorney's property right in the contract of employment, a cause of action is set forth.

The right of the attorney to practice law is property and the attorney is said to have a "property" in his fees and emoluments by the common law or by contract expressed or implied with his client. Ex Parte Law, 15 Fed. Cases 3, Case No. 8126; 35 Ga. 285, 293, 294; 2 EGL 551, § 119.

"The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie." *Code* § 105-1401. "In all cases he who maliciously procures an injury to be done to another, whether it is an actionable wrong or a breach of contract, is a joint wrongdoer and may be sued either alone or jointly with the actor." *Code* § 105-1207. "When the law requires one . . . to forbear the doing of that which may injure another, though no action be given in express terms, upon the accrual of damage the injured party may recover." *Code* § 105-103.

While liability for procuring the breach of a contract or interfering with the performance of a contract is based upon property rights in the contract, *Luke v. DuPree*, 158 Ga. 590,

597 (124 SE 13), the existence of a valid contract is necessary to create liability. *Charles v. Simmons,* 215 Ga. 794, 797 (113 SE2d 604); Anno. 84 ALR 43; 26 ALR2d 1236. However, formal defects affecting the enforceability of the contract between the parties, or the fact that employment is at the will of the employer, do not give immunity to a third person who without justification interferes with the relation between the parties to the contract. *Salter v. Howard,* 43 Ga. 601, 603; *Ott v. Gandy,* 66 Ga. App. 684, 688 (19 SE2d 180); accord *Southern R. Co. v. Chambers,* 126 Ga. 404, 406 (55 SE 37, 7 LRA (NS) 926); *Bromley v. Bromley,* 106 Ga. App. 606, 613 (127 SE2d 836); *Powell v. Leon,* 172 Kan. 267 (239 P2d 974). The present petition alleges a valid contract between the plaintiff attorney and his client—a contract that was enforceable in the event all the services were performed and according to any express terms governing compensation, and enforceable in the event the client exercised his right to terminate the contract before all the contemplated services were performed in terms of quantum meruit for the services already performed. *Iteld v. Karp,* 85 Ga. App. 835 (1) (70 SE2d 378); *Bearden v. Land,* 107 Ga. App. 424 (1) (130 SE2d 619); *McDonald v. Napier,* 14 Ga. 89, 104; accord *Kraft v. Rowland & Rowland,* 33 Ga. App. 806 (128 SE 812).

The client had the right to terminate the attorney's employment, and in discharging the attorney he committed no wrong. *White v. Aiken,* 197 Ga. 29 (2) (28 SE2d 263); *Dorsey v. Edge,* 75 Ga. App. 388, 392 (43 SE2d 425). The allegations of the petition, however, show more than the discharge of the attorney by the client. The defendants knowingly induced the client, and conspired with him, to claim falsely that he had never employed the attorney. The defendants and the client conspired in writing a letter by which the client repudiated his employment of the attorney. The defendants, aided by the client, knowingly sought to establish falsely, by means of a motion asking the court to dismiss the suit against them, that the client had never employed the attorney and was not authorized to bring the suit. These acts of conspiracy if successful would have wrongfully defeated the attorney's right to compensation based on quantum

meruit for services rendered. The alleged scheme, though unsuccessful, made it necessary for the attorney to disprove before the court a false claim that he had engaged in unethical and unlawful conduct in his profession. *Code* § 9-602. These were indeed oppressive acts which interfered with and injured the attorney's enjoyment of his property. Such interference is a tort for which the law affords a remedy in § 105-1401, and proof sustaining the petition would entitle the plaintiff at least to general or nominal damages. *Code* § 105-2006; *Williams v. Harris,* 207 Ga. 576, 579 (63 SE2d 386).[1]

"The gist of the action [for conspiracy] is not the conspiracy alleged, but the tort committed against the plaintiff and the damage thereby done." *Davidson v. Collier,* 104 Ga. App. 546, 550 (122 SE2d 465). "It is immaterial whether the act which it is alleged the defendants intended to do was or was not unlawful, oppressive or immoral. 'Conspiracy is the combination of two or more persons to do (a) something that is unlawful, oppressive, or immoral; or (b) something that is not unlawful, oppressive, or immoral, by unlawful, oppressive, or immoral means. . . ' " *Woodruff v. Hughes,* 2 Ga. App. 361, 366 (58 SE 551) ; *Luke v. DuPree,* 158 Ga. 590, 596, supra; *Cook v. Robinson,* 216 Ga. 328 (116 SE2d 742) ; *Davidson v. Collier,* supra; 7 CJS 836, 837, § 53.

*Code* § 105-1401 makes the acts which interfere with the right of enjoyment of property themselves tortious and unlawful. Thus if the purpose of the alleged conspiracy was to interfere with the attorney's employment (which is unlawful) or if the purpose was to accomplish the discharge of the attorney (which is not unlawful) by means of the unlawful interference, the gist of a conspiracy is alleged.

3. Special demurrers object that more particulars respecting Hicks' claim, the attorney-client contract, and the date of filing

---

[1]The question whether the petition originally was defective for failure to allege any recoverable damages is moot because, after the defendants' bill of exceptions had been perfected, the plaintiff amended his allegations and prayers for damages to show general damages of $100 and nominal damages of $51.77 as well as special and punitive damages. See Division 1, supra.

the alleged suit and so advising Hicks, are not alleged. It is not necessary to allege the form or all of the terms of a contract pleaded in a tort action. *Community Gas Co. v. Williams,* 87 Ga. App. 68, 81 (73 SE2d 119); *Midland Properties Co. v. Farmer,* 100 Ga. App. 8, 22 (110 SE2d 100); *McEntyre v. Clack,* 104 Ga. App. 646, 648 (122 SE2d 595). And, considering the whole petition, it does not appear that the failure to allege other facts more particularly will handicap the defendants in defending the claim against them. *Lam Amusement Co. v. Waddell,* 105 Ga. App. 1, 4 (123 SE2d 310).

The special demurrer on the ground that the facts alleged would not authorize the recovery of punitive damages is without merit. *Code* § 105-2002; *Walker v. Grand International Brotherhood of Locomotive Engineers,* 186 Ga. 811, 821 (199 SE 146).

The trial court did not err in overruling the general and special demurrers.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*