### 23696. ALGERNON BLAIR, INC. v. NATIONAL SURETY CORPORATION.

DUCKWORTH, Chief Justice. This case is fully reported in *National Surety Corp. v. Algernon Blair, Inc.,* 114 Ga. App. 30 (150 SE2d 256), and no further statement of facts is necessary. Certiorari writ was granted because it appeared the Court of Appeals had misapplied *Code Ann.* § 85-1803 (Ga. L. 1952, pp. 225, 229), the contract assigned, and controlling authorities and decisions of law in construing the set-off provision of the subcontract therein involved. *Held:*

The decisive point in this case is the contract which empowers the contractor to deduct from final payment any sums due to contractor from subcontractor "under this subcontract or otherwise." Unquestionably, "otherwise" embraces sums due under other contracts, and indeed any and all sums due. Under the stipulated facts there was due the contractor more than the balance due under this contract. Deducting these

amounts comports with the contract, and the assignment was subject to this condition. *Code Ann.* § 85-1803, supra, clearly states that the assignee takes it subject to the equities existing between the assignor and debtor at the time of the assignment. This right to deduct is a right subject to which the assignee took, hence such assignee will not be allowed to object to deductions of sums due under the contract or any other contract which would be included in the words "or otherwise." Until final settlement a chose in action might never arise. See *Fulton Nat. Bank v. Fulton County,* 144 Ga. 691 (87 SE 1023). Certainly the assignee has no more rights under the contract than the assignor would have in dealings with the other contracting party. The summary judgment granted in the lower court was proper, and the court erred in reversing the judgment and in ordering the lower court to grant summary judgment for the plaintiff in the amount sued for. However, to make this ruling clear, it would be absurd to say that an appellate court could reverse the grant of a summary judgment but could not direct the grant of a summary judgment for the other party as here when the evidence demanded it. The appellant is entitled to have every ruling considered under the Appellate Practice Act (Ga. L. 1965, p. 18; *Code Ann.* § 6-701) without regard to its appealability under the summary judgment law (Ga. L. 1959, pp. 234, 236; Ga. L. 1966, pp. 609, 662).

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 12, 1966—DECIDED OCTOBER 20, 1966—
REHEARING DENIED NOVEMBER 3, 1966.

*Eugene Partain, Wayne Shortridge, Powell, Goldstein, Frazer & Murphy, Max Goldstein,* for appellant.

*R. Wayne Pressley, Nall, Miller, Cadenhead & Dennis, James W. Dorsey,* for appellee.

*Joe H. Bynum, Jr., W. L. Spearman, Smith, Currie & Hancock, Robert B. Ansley, Jr.,* for parties at interest not parties to record.