## 42324. KING v. SCHAEFFER et al.

FRANKUM, Judge. This is an appeal from the judgment of the trial court sustaining the defendants' motion for a summary judgment. The petition was originally in 3 counts, but since the plaintiff fails to argue or insist upon Count 3 before this court, it will be treated as having been abandoned. Count 1 is, in substance, an action for damages on account of the defendants' tortious procurement of the plaintiff's discharge from his employment as superintendent of the trim shop at the Fisher Body plant in Atlanta, a division of the General Motors Corporation. Count 2 is an action for slander. It appears from the record before this court that at all times material hereto the defendant Schaeffer was manager of the

plant wherein the plaintiff was employed, and the defendant Doran was shift plant superintendent of that plant. Plaintiff contended, in substance, that the defendants Schaeffer and Doran, shortly after being transferred to their positions of authority over the plaintiff, developed animosity toward, and dislike for, the plaintiff, without the plaintiff having given them any cause therefor, and that they embarked upon a scheme of intimidation and coercion of the plaintiff to induce him to resign, and that failing in that scheme, they thereupon conspired to procure, and did procure, his discharge or dismissal by higher authority. The defendants moved for a summary judgment relying upon affidavits and depositions of the defendants and of the plaintiff and of various witnesses. The trial court granted that motion as to all counts.

1. "As a general rule, one who maliciously or without just cause or excuse procures the discharge of a servant from his employment is liable to him for the resulting damages, since an employee has a property right in his contract of employment which may not be unlawfully interfered with by another." 57 CJS 434, Master & Servant, § 630a. The fact that the employment is at the will of the employer does not alter this rule, because where a third person induces an employer to discharge an employee under a contract terminable at will but under which the employment would have continued indefinitely, the right to terminate the employment reposes in the will of the employer, unaffected by the will of such third person. And, if it be shown that the employer's determination to discharge the employee was in fact induced by the wrongful act of such third person, then such act will afford the employee a right of action against such third person. *Ott v. Gandy,* 66 Ga. App. 684 (19 SE2d 180); *Studdard v. Evans,* 108 Ga. App. 819 (135 SE2d 60).

2. Upon consideration of a motion for summary judgment the evidence adduced thereon in the form of depositions, affidavits, etc., should be construed most strongly against the movant, and, if under any view of the case there appears to be a dispute as to any material issue of fact, a summary judgment should not be granted. *Motorola Communications &c., Inc. v. South Ga. Natural Gas Co.,* 104 Ga. App. 376, 381 (121 SE2d 672); *McCarty v. National Life &c. Ins. Co.,* 107 Ga. App. 178 (1) (129 SE2d 408); *Simmons v. State Farm &c. Ins. Co.,* 111 Ga. App. 738, 739 (143 SE2d 55);

*Malcom v. Malcolm,* 112 Ga. App. 151, 153 (144 SE2d 188).

3. With respect to Count 1 the appellees contend that the grant of the summary judgment was correct because the affidavit and deposition of J. C. Owens, who was general factory manager of the Eastern Division of the General Motors Corporation, and apparently the defendant Schaeffer's immediate superior, showed that he (that is, Owens) had conducted an independent investigation with respect to the plaintiff's performance of his job and had concluded therefrom, independently of any recommendations of, or action by, the defendant Schaeffer, that the plaintiff should be released or discharged. A careful reading of Owens' deposition does not substantiate this claim of appellees, and we think that, under the principles set forth in Headnotes 1 and 2, it was a jury question as to whether the ultimate decision to release the plaintiff from his job resulted from that investigation alone or from that in combination with the recommendations of the defendants Schaeffer and Doran, which the plaintiff contended were falsely and maliciously made.

4. The defendants, appellees, also contend that the evidence demanded a summary judgment in their behalf as respects Count 1 of the petition, because it showed that the defendant Schaeffer had the absolute right to discharge the plaintiff, and that having this right he could not be guilty of a tort in the exercise thereof. This contention is without merit, since J. C. Owens, the general factory manager of the Eastern Division of General Motors Corporation and the defendant Schaeffer's immediate superior, testified that Schaeffer's right to discharge the plaintiff was subject to the condition that any exercise of such right of discharge would be subject to review by higher authority and could be reversed by such higher authority. This evidence was sufficient to authorize a jury to find that the defendant Schaeffer's right to discharge the plaintiff was not absolute as contended by the appellees. For these reasons the trial court erred in granting a summary judgment for the defendants as to Count 1 of the petition.

5. Count 2 of the petition was a cause of action for slander. The evidence shows, however, that the alleged slanderous statements, if made at all, were communicated only to other persons in positions of authority in the Fisher Body Division of General Motors Corporation and were made in connection with the investigation of the plaintiff's performance of his

job which was then being conducted. There was, therefore, no publication of the slander within the meaning of the laws regarding the publication of alleged slanderous words. *Adams v. Scribner*, 36 Ga. App. 15 (135 SE 110) ; *George v. Georgia Power Co.*, 43 Ga. App. 596 (159 SE 756) ; *Walter v. Davidson*, 214 Ga. 187 (2) (104 SE2d 113). Under these circumstances the evidence demanded a summary judgment in favor of the defendants on this count, and the court did not err in so ruling.

*Judgment affirmed in part; reversed in part. Felton, C. J., and Pannell, J., concur.*

ARGUED SEPTEMBER 9, 1966—DECIDED FEBRUARY 1, 1967—
REHEARING DENIED MARCH 3, 1967—

*Grant, Spears & Duckworth, William H. Duckworth, Jr.,* for appellant.

*King & Spalding, Charles H. Kirbo, Robert L. Steed, John C. Staton,* for appellees.