24075. SCHAEFFER et al. v. KING.

ARGUED JUNE 13, 1967—DECIDED JULY 6, 1967.

*King & Spalding, Charles H. Kirbo, Robert L. Steed, John C. Staton, Jr.*, for appellants.

*Grant, Spears & Duckworth, William H. Duckworth, Jr.*, for appellee.

ALMAND, Presiding Justice. John B. King in his suit against E. H. Schaeffer and John J. Doran sought in Count 1 of his petition to recover damages because of the tortious procurement of his discharge from his employment as superintendent of the trim shop at the Atlanta Plant of Fisher Body Division of

General Motors Corporation. The defendant Schaeffer was manager and defendant Doran was shift plant superintendent of the plant in which King was employed.

The plaintiff alleged that the defendants conspired to procure and did procure his discharge by higher authority. In addition it was alleged that neither of the defendants had the authority to discharge the plaintiff, but they maliciously procured and induced his employer to breach its contract with him and discharge him. In their answers the defendants denied these allegations and alleged that King's employment could be terminated at will and that defendant Schaeffer as plant manager had the right and authority to discharge King with or without cause.

The defendants moved for a summary judgment and supported the motion by affidavits and depositions of the plaintiff, defendants and various witnesses. The motion was granted.

On appeal the Court of Appeals reversed, holding it was error to grant a summary judgment on Count 1 in favor of the defendants in that it was a jury question as to whether the discharge of King resulted solely from an independent investigation by a superior of the defendants or resulted from this investigation in combination with the defendants' recommendations, which King contended were falsely and maliciously made. 115 Ga. App. 344 (154 SE2d 819).

In Division 4 of its opinion the Court of Appeals held: "The defendants, appellees, also contend that the evidence demanded a summary judgment in their behalf as respects Count 1 of the petition, because it showed that the defendant Schaeffer had the absolute right to discharge the plaintiff, and that having this right he could not be guilty of a tort in the exercise thereof. This contention is without merit, since J. C. Owens, the general factory manager of the Eastern Division of General Motors Corporation and the defendant Schaeffer's immediate superior, testified that Schaeffer's right to discharge the plaintiff was subject to the condition that any exercise of such right of discharge would be subject to review by higher authority and could be reversed by such higher authority. This evidence was sufficient to authorize a jury to find that the defendant Schaeffer's right to discharge

the plaintiff was not absolute as contended by the appellees. For these reasons the trial court erred in granting a summary judgment for the defendants as to Count 1 of the petition."

On application of defendants Schaeffer and Doran, we granted the writ of certiorari to the Court of Appeals.

We are in agreement with the Court of Appeals as held in Division 3 of the decision that there were issues of fact in Count 1 of the petition for consideration by the jury, and it was error to grant summary judgment.

Petitioners for the writ assign error on the ruling in Division 4 of the opinion. We agree that the pleadings and evidence do not warrant the conclusion made therein. King alleged in his petition that the defendants did not have the right to discharge him. The defendants denied this allegation and asserted that Schaeffer had the right to discharge King. This created a vital issue in the case. See *Funk v. Baldwin,* 80 Ga. App. 177 (55 SE2d 733) and *Wometco Theatres Inc. v. United Artists Corp.,* 53 Ga. App. 509 (186 SE 572).

"The exercise of an absolute right or privilege is recognized as being closely akin to the question of justification, but it is inherently different therefrom in that such a right can be exercised without incurring liability regardless of the motive for so doing. It is generally held that no liability for procuring a breach of contract exists where the breach is caused by the exercise of an absolute right—that is, an act which a man has a definite legal right to do without any qualification." 30 AmJur 79, Interference, § 33. "As a general rule, the question of authority to do an act, when it is to be determined from disputed facts or undisputed facts from which conflicting inferences may be drawn, must be decided by the jury as a question of fact, or as a question of mixed fact and law." 53 AmJur 181, Trial, § 210. See National Biscuit Co. v. Litzky, 22 F2d 939 (6th CCA).

On the hearing of the petition for a summary judgment, the evidence did not demand a finding that Schaeffer did not have the right to discharge King. This issue is one for determination by the jury.

The ultimate judgment of the Court of Appeals being correct,

its judgment will be affirmed with direction that Division 4 of its opinion be stricken.

*Judgment affirmed with direction. All the Justices concur, except Duckworth, C. J., and Frankum, J., disqualified.*