44684, 44685. CAMPBELL v. CARROLL et al.; and vice versa.

ARGUED SEPTEMBER 11, 1969—DECIDED FEBRUARY 20, 1970—REHEARING DENIED MARCH 27, 1970—

*Neely, Freeman & Hawkins, Paul M. Hawkins, Albert H. Parnell, W. H. Duckworth, Jr.,* for appellant.

*Bloch, Hall, Hawkins & Owens, Wilbur D. Owens, Jr., Ellsworth Hall, Jr.,* for appellees.

QUILLIAN, Judge. ■ A conspiracy is a combination of two or more persons to accomplish an unlawful end or to accomplish a lawful end by unlawful means. *Groover v. Brandon,* 200 Ga. 153, 164 (36 SE2d 84); *Foster v. Sikes,* 202 Ga. 122, 125 (42 SE2d 441). With this in mind, on motion for summary judgment, we determine whether the proof offered negates both of these proscribed courses of conduct.

In the consideration of the wilful and malicious procurement of a breach of an employment contract (see *Code* §§ 105-1401

and 105-1207), there are two categories of cases: (1) where there is a definite term of employment and the corporation or employer by discharging an employee would be liable for the breach of the employment contract—as exemplified in *Wrigley v. Nottingham*, 111 Ga. App. 404, 407 (141 SE2d 859), reversed in part in *Nottingham v. Wrigley*, 221 Ga. 386 (144 SE2d 749); (2) where, even though the contract is terminable at will, a party with no authority to discharge the employee, being activated by an unlawful scheme or purpose to injure and damage him, maliciously and unlawfully persuades the employer to breach the contract with the employee. *Ott v. Gandy*, 66 Ga. App. 684, 687 (19 SE2d 180). See *Bromley v. Bromley*, 106 Ga. App. 606, 613 (127 SE2d 836); and *King v. Schaeffer*, 115 Ga. App. 344 (1) (154 SE2d 819).

Contradistinguished from the above classifications, the following unique combination of facts is present in the instant case, to wit: an employment contract which was terminable at will and alleged conspiratory tortious acts by the corporate employer's directors, who in such capacity constituted the sole management of the corporation and without whom it could take no effective action. "The exercise of an absolute right or privilege is recognized as being closely akin to the question of justification, but it is inherently different therefrom in that such a right can be exercised without incurring liability regardless of of the motive for so doing. It is generally held that no liability for procuring a breach of contract exists where the breach is caused by the exercise of an absolute right—that is, an act which a man has a definite legal right to do without any qualification. 30 AmJur 79, Interference, § 33." *Shaeffer v. King*, 223 Ga. 468, 470 (155 SE2d 815). See *Code* § 66-101. Here there is no question that the directors, the alter egos of the corporation, had an absolute right to discharge the plaintiff, an employee.

The Supreme Court pointed out in *Lambert v. Ga. Power Co.*, 181 Ga. 624, 628 (183 SE 814): " 'The averment of a conspiracy in the declaration does not ordinarily change the nature of the action nor add to its legal force or effect. The gist of the action is not the conspiracy alleged, but the tort committed against

the plaintiff and the damage thereby done wrongfully. Where damage results from an act which, if done by one alone, would not afford ground of action, the like act would not be rendered actionable because done by several in pursuance of a conspiracy.'" Since under this authority a conspiracy to effect what one has a legal right to accomplish is not actionable, there are no grounds to complain of defendants' actions, as directors, in voting for the plaintiff's discharge. *Elliott v. Delta Air Lines, Inc.*, 116 Ga. App. 36 (156 SE2d 656).

The only conceivable theory for finding a tortious interference would be that they unlawfully acted to influence the third director, C. R. May, to vote for the plaintiff's discharge. The proof offered in this regard may be summarized as follows.

By affidavit May expressly denied that he was importuned, influenced or even approached with regard to the matter. He swore that his vote was predicated solely on his own independent judgment.

In an affidavit the plaintiff stated that: at one meeting of the bank directors the defendant Carroll instructed C. R. May to move to cut the plaintiff's salary, which motion passed with the two defendants and May voting in favor thereof; May related to him that he undertook to make the motion only as a matter of formality. However, there was no statement contained therein as to May being instructed how to vote at the meeting when the plaintiff was discharged.

By deposition the plaintiff answered in response to the question whether at the meeting either of the defendants said anything to May about discharging him: "Not in my presence."

Thus the proof adduced by the two defendants established that they did not unlawfully conspire to obtain May's vote to discharge the plaintiff and no countershowing was made. In such circumstances, the allegations of the complaint were effectively pierced, the movant having affirmatively shown that the plaintiff could not recover for alleged tortious interference with his employment at the bank. That being so, the trial judge did not err in granting the defendant's motion for summary judgment as to Count 1 of the complaint.

■ Case 44685 is a cross appeal taken from the denial of

defendants' motion for summary judgment as to Counts 2 and 3 of the plaintiff's complaint. There was no certificate by the trial judge under the provisions of *Code Ann.* § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238).

The defendants contend that Section 5 of the Appellate Practice Act of 1965, as amended (*Code Ann.* § 6-803; Ga. L. 1965, pp. 18, 21; 1966, 493, 496; 1968, pp. 1072, 1077), is controlling with respect to cross appeals. It contains a provision that: "the appellee may present for adjudication on the cross-appeal all errors or rulings adversely affecting him, and in no case shall the appellee be required to institute an independent appeal on his own right, although the appellee may at his option file an independent appeal."

Thus, it is urged that a cross appeal may be brought on the denial of a motion for summary judgment, citing *Algernon Blair, Inc. v. National Surety Corp.*, 222 Ga. 672 (151 SE2d 724). Further appellee requests that any language in *Hood v. General Shoe Corp.*, 119 Ga. App. 649 (2) (168 SE2d 326), to the contrary be overruled.

The *Hood* case recited (Hn. 3): "Should we treat the appeal as a cross appeal we would be unable to pass upon the sole enumeration of error as the overruling of a motion for summary judgment may be reviewed only upon a direct appeal from that judgment. Section 25 of the Act of 1967 (Ga. L. 1967, pp. 226, 238; *Code Ann.* § 81A-156 (h) amending Section 56 (h) of the Civil Practice Act of 1966, pp. 609, 660; and Section 1, Paragraph 4 of the Act of 1968 (Ga. L. 1968, pp. 1072, 1073; *Code Ann.* § 6-701)."

The *Algernon Blair* case, 222 Ga. 672, supra, was decided prior to both the 1967 and 1968 Acts above cited. The 1968 Act amending Section 1 of the Appellate Practice Act, by adding subparagraph (4), provides: "Review of orders and judgments with respect to motions for summary judgment shall be governed by Section 56 (h), as amended, of the Georgia Civil Practice Act, approved March 18, 1966 (Ga. L. 1966, p. 609), as amended." Ga. L. 1968, pp. 1072, 1073 (*Code Ann.* § 6-701 (4)). Following the reasoning adopted in *Undercofler v. Grantham Transfer Co.*, 222 Ga. 654, 656 (151 SE2d 765), the 1968 Act, "as the last expression of the legislature," controls.

Counsel for the cross appellants attach significance to the fact that this provision was placed in Section 1 of the Appellate Practice Act (*Code Ann.* § 6-701) and argues that this shows an intent to limit such provisions to direct appeals only. However, in our view the legislative intent was simply to broadly exempt summary judgments from the provisions of Sections 1 and 5 of the Appellate Practice Act as amended (*Code Ann.* §§ 6-701 and 6-803) and to place their review in a special category. This is fortified by the language of the applicable section of the Civil Practice Act which provides: "order denying summary judgment is not subject to review by *direct appeal or otherwise*, unless within 10 days of the order of denial the trial judge certifies that the order denying summary judgment as to any issue or as to any party should be subject to review, in which such order shall be subject to review by direct appeal." (Emphasis supplied.) *Code Ann.* § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). See discussion in *Hill v. Willis*, 224 Ga. 263, 266 (161 SE2d 281).

While in the writer's opinion it would be more expedient for the court to determine all issues in the case, without a clear showing that the legislature intended to make a further exception with regard to review of summary judgments on cross appeal, we must hold, absent the proper certificate, that review of the denial of a summary judgment is not subject to review by direct appeal or otherwise, as by cross appeal.

*Judgment affirmed in Case 44684. Bell, C. J., Hall, P. J., Eberhardt, Pannell, Deen, and Whitman, JJ., concur. Jordan, P. J., and Evans, J., dissent.*

*Appeal dismissed in Case 44685. Bell, C. J., Pannell, Deen, and Evans, JJ., concur. Jordan, P. J., Hall, P. J., Eberhardt and Whitman, JJ., dissent.*

EVANS, Judge, dissenting in part. I dissent from the judgment of affirmance and Headnote 1 and the corresponding division of the opinion. I concur in the results as to the cross appeal, but I cannot agree to the ruling made as to Count 1 of the petition.

The gist of the count is a complaint against certain individuals alleged to have conspired together to cause the discharge of plaintiff from his employment by a corporation of which said

defendants were directors. Paragraphs 8 through 12 of Count 1 allege the details respecting the conspiracy between the defendants. Of course, in a motion for summary judgment by defendants, the question is whether defendants have carried the burden of piercing the allegations of plaintiff's complaint. Plaintiff has no burden to submit any evidence until defendants have first carried the above burden of piercing such allegations.

As to conspiracy, the appellate courts of Georgia have time and again held that it may be proven by circumstantial evidence. The conspiracy may be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirator, and other circumstances. It is not necessary to prove an express compact or agreement among the parties thereto. It need not appear that the parties have ever met together, either formally or informally, and entered into any explicit formal agreement; it is not necessary that it appear either by words or writing that the defendants formulated their unlawful objects. It is sufficient that two or more persons in any manner, either positively or tacitly, come to a mutual understanding that they will accomplish the unlawful design. *Cook v. Robinson,* 216 Ga. 328, 329 (116 SE2d 742); *Nottingham v. Wrigley,* 221 Ga. 386, 388, supra. A jury would be authorized to conclude that a conspiracy existed by proof of acts and conduct of the parties, and from the nature of the acts done, the relation of the parties and the interests of the alleged conspirators and other circumstances. *Huckaby v. Griffin Hosiery Mills,* 205 Ga. 88, 91 (52 SE2d 585). Where two or more persons are charged with conspiring to defraud another, the conspiracy may be shown by facts evincing a current knowledge and approbation of each other's acts, and by proof of the separate acts of the several persons concentrating in the same purpose. *Holbert v. Allred,* 24 Ga. App. 727 (2) (102 SE 192). A conspiracy to do a fraudulent act is frequently not susceptible of direct proof, but may be inferred from acts, declarations and conduct of the co-conspirators. *Archer v. Gwinnett County,* 110 Ga. App. 442 (2) (138 SE2d 895).

Under the foregoing authorities, as applied to the allegations of the complaint in Count 1, the allegations as to conspiracy

were ample and sufficient. Were these allegations pierced by evidence of the defendants? The record in this case compels an answer in the negative. Defendants attached an affidavit of C. R. May to its motion for summary judgment, who deposed that he was a director of the corporation, employer of plaintiff, and voted for his discharge; and that "he has always acted as an individual person and made his own decisions based upon his own judgment . . . ," and that in voting to discharge plaintiff he "acted independently of T. H. Carroll and William M. Barnes; he was not even requested by T. H. Carroll or William M. Barnes to vote as a director for Mr. Campbell's discharge." This is not sufficient to pierce the allegations of the complaint. To swear that he acted as an individual and made his own decisions, and that he was not requested by the joint defendants to vote for plaintiff's discharge is not enough. Persons usually act as individuals and make their own decisions, but what brings those decisions about? Simply because he was not requested by the defendants to vote for plaintiff's discharge does not meet the issue, because the defendants could have persuaded him in various ways without making a request for his vote and support of the motion to discharge.

A party opposing a motion for summary judgment must be given the benefit of all reasonable doubts in determining whether a genuine issue exists, and the trial court must give that party the benefit of all favorable inferences that may be drawn from the evidence. The burden is on the moving party to establish the lack of a genuine issue of fact and the right to a summary judgment, and any doubt as to the existence of such issue must be resolved against the movant. See *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442).

Simply because an employer may have an absolute right to terminate the employment of its agent at will does not absolve defendants who conspire to cause the employer to make a decision to exercise that right of termination earlier than he would have done without such interference. See *Salter v. Howard,* 43 Ga. 601, 604; *Ott v. Gandy,* 66 Ga. App. 684, 688 (19 SE2d 180); *Southern R. Co. v. Chambers,* 126 Ga. 404 (1-3) (55 SE 37, 7 LRA (NS) 926); *Bromley v. Bromley,* 106 Ga. App.

606, 613 (127 SE2d 836); *King v. Schaeffer,* 115 Ga. App. 344 (1), supra; *Studdard v. Evans,* 108 Ga. App. 819, 823 (135 SE2d 60).

Many of the facets of the case at bar were also present in the case of *Wrigley v. Nottingham,* 111 Ga. App. 404, supra, which involved an action against several defendants for maliciously procuring the breach of an oral contract inuring to the plaintiff. While it is true that the *Wrigley* case was reversed by the Supreme Court (*Nottingham v. Wrigley,* 221 Ga. 386, supra), the reversal strengthened the plaintiff's case in that the only thing decided by the Supreme Court was that the Court of Appeals erred in holding that one of the joint defendants, Cox, was entitled to judgment notwithstanding the verdict, and thus placing him back in the case with the other joint defendants, the Court of Appeals having previously held a good and proper cause of action was set forth against such other defendants. See *Wrigley v. Nottingham,* 112 Ga. App. 622 (145 SE2d 829). Thus the posture of the case when it left the Supreme Court of Georgia was that a good and proper cause of action was alleged against all joint defendants.

Another case we cite in support of this dissent is *Schaeffer v. King,* 223 Ga. 468, supra, which affirmed with direction an earlier appearance of this case in the Court of Appeals (*King v. Schaeffer,* 115 Ga. App. 344, supra).

It is true that an employer who exercises an absolute right to discharge has often been held not liable for such exercise, but this immunity does not extend to others who cause him to reach his decision to terminate earlier than he would have terminated it otherwise, such as, joint defendants who are directors of a corporation, which corporation effects the discharge.

The petitioner should not be deprived of the opportunity to have a trial since there remain genuine issues as to material facts. The movant failed to carry the burden of showing that there was nothing to be tried and that he was entitled to judgment as a matter of law. I would reverse the judgment of the lower court.

JORDAN, Presiding Judge, dissenting. I agree with the dissent by Judge Evans as to Division 1 and further dissent from the

ruling made in Division 2 of the opinion. When a case is properly before this court for review on direct appeal, as is this one, and a cross appeal is filed, the cross appellant "may present for adjudication on the cross appeal all errors or rulings adversely affecting him, and in no case shall the appellee be required to institute an independent appeal on his own right." *Code Ann.* § 6-803 (a). This to me in clear language expresses the intent of the legislature with respect to a cross appeal once a case is properly before the appellate court for review on direct appeal. This intent was in no way affected by the subsequent amendments to the Appellate Practice Act and the Civil Practice Act referred to in the majority opinion. In my view these amendments deal only with the requirements for a direct appeal with respect to motions for summary judgment.

The majority opinion conflicts with the general intent of the Appellate Practice Act by disjointing and fracturing a case thereby causing unnecessary delay in the process of appellate review. When a case is before this court on a proper enumeration of errors, the parties and the court below are entitled to a consideration of all orders and rulings which might affect the trial and conduct of that case. To do otherwise is to require costly and fragmented appeals on issues which could properly be determined in the first instance.

Any holding in the *Hood* case, cited in the majority opinion, which would prevent a cross appellant from enumerating as error an adverse ruling on a motion for summary judgment should be overruled.

It is noted that the main appeal in this case is from a ruling granting defendant's motion for summary judgment as to Count 1 of the petition. The trial judge certified the case for review under *Code Ann.* § 81A-156 (h) within 10 days. Such was not required for the direct appeal. If such certificate could be said to apply to that portion of his order overruling in part the defendant's motion as to Counts 2 and 3 of the petition, it is assumed that the holding in *Hood,* supra, would not be applicable. The certificate should be applicable to his entire order dealing with the motions for summary judgment.

I am authorized to state that Presiding Judge Hall and

Judges Eberhardt and Whitman concur in this dissent as to Division 2 of the opinion.

WHITMAN, Judge, dissenting in part. I concur in the ruling made in Division 1 of the opinion.

I dissent from the ruling made in Division 2 of the opinion, and in that connection I concur in the dissenting opinion of Presiding Judge Jordan.